**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email: jerrysteering@yahoo.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiffs Joseph Bernardo, individually and as guardian ad litem for minors J.J.B. II, J.J.B. III

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BERNARDO, and JESSICA GARCIA as guardian ad litem for Minors J.J.B. II and J.J.B. III, <br><br>     Plaintiffs, <br><br>        vs. <br><br> CITY OF Guadalupe; ANDREW BREDA; FRANK MEDINA; CHRISTOPHER OROZCO; and DOES 1 through 10, inclusive, <br><br>     Defendants. | Case No.: <br><br> COMPLAINT FOR DAMAGES FOR: <br><br> 1. Violation of Fourth Amendment Rights – Excessive Force; <br><br> 2. Violation of Fourth / Fourteenth Amendment – Malicious Prosecution; <br><br> 3. Violation of Fourth / Fourteenth Amendment – Deliberate Fabrication of Evidence; <br><br> 4. Municipal Liability – Failure to Train and/or Discipline; |

5.  Municipal Liability –
    Unconstitutional Custom/Practice
    and/or Policy;

6. Battery (California Law);

7.  Violation of Civil Code § 52.1
    (California Law);

8. Negligence (California Law);

9.  Negligent Infliction of Emotional
    Distress (California Law).

**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiffs Joseph Bernardo, and Jessica Garcia as guardian ad litem for minors J.J.B. II, J.J.B. III and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.  As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Santa Barbara, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3. As Plaintiffs' claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiffs' federal question claims, this court has jurisdiction over the

Plaintiffs' California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

4. Plaintiffs complied with the California Tort Claim Act. Plaintiffs timely submitted their claims for damages to the City of Guadalupe. Plaintiffs then timely filed this lawsuit after the City of Guadelupe denied Plaintiffs' claim.

## GENERAL ALLEGATIONS

5. Plaintiff Joseph Bernardo, hereinafter referred to as "BERNARDO" or "Plaintiff BERNARDO", is a natural person, who, at all times complained of in this action, resided in the County of Santa Barbara, State of California. BERNARDO is legal and natural father of Plaintiffs J.J.B. II and J.J.B. III.

6. Jessica Garcia is the natural and legal mother of minor Plaintiffs J.J.B. II and J.J.B. III. Jessica Garcia appears in this action as the proposed guardian ad litem for Plaintiffs J.J.B. II and J.J.B. III.

7. Plaintiff J.J.B. II is a natural person, who, at all times complained of in this action, resided in the County of Santa Barbara, State of California. J.J.B. II is a minor. J.J.B. II is the natural and legal son of Plaintiff BERNARDO.

8. Plaintiff J.J.B. III is a natural person, who, at all times complained of in this action, resided in the County of Santa Barbara, State of California. J.J.B. III is a minor. J.J.B. III is the natural and legal son of Plaintiff BERNARDO.

9. Defendant City of Guadelupe, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

10. Defendant Andrew Breda, hereinafter also referred to as "BREDA", is, and at all times complained of herein, was, a peace officer employed by the Guadelupe Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

11. Defendant Frank Medina, hereinafter also referred to as "MEDINA", is, and at all times complained of herein, was, a peace officer employed by the Guadelupe Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

12. Defendant Christopher Orozco, hereinafter also referred to as "OROZCO", is, and at all times complained of herein, was, a peace officer employed by the Guadelupe Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

13. Defendants DOES 1 through 6, inclusive, are sworn peace officers and/or police officers and/or investigators and/or Special Officers and/or dispatchers and/or some other public officer, public official or employee of

defendant CITY and/or otherwise employed by the Guadalupe Police Department, who in some way committed some or all of the tortious actions (and unconstitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complaint of in this action, whose identities are, and remain, unknown to plaintiffs, who will amend their complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiffs.

14. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Guadelupe Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

15. Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or police making and/or final police making officials, employed by Guadelupe Police Department and/or defendant City of Guadalupe, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory

COMPLAINT FOR DAMAGES

liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Guadelupe Police Department for, *inter alia*,: 1) for using excessive force upon persons; 2) fabricating evidence; 3) covering up tortious conduct by Guadelupe Police Department peace officers.

16. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Guadelupe Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

17. At all times complained of herein, defendants DOES 7 though 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace

officers, with the Guadelupe Police Department and/or otherwise with defendant CITY[1].

18. Plaintiffs are presently unaware of the identities of DOES 1 through 10, inclusive, and will amend their complaint to add and to show the actual names of said DOE defendants, when made known to plaintiffs.

19. In addition to the above and foregoing, Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiffs of their federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

20. Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiffs of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

21. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

---

[1] Such as a City executive officer.

COMPLAINT FOR DAMAGES

7

## FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth Amendment Rights –**
**Excessive/Unreasonable Use of Force on Person**
**(By BERNARDO, Against Defendants BREDA, MEDINA, OROZCO and**
**DOES 1 through 6, inclusive)**

22. Plaintiffs hereby reallege and incorporate by reference the allegations set fourth in paragraphs 1 through 21, inclusive, above, as if set forth in full herein.

23. During the evening of September 26, 2023, Plaintiff BERNARDO was driving in the City of Guadelupe with his two sons J.J.B II and J.J.B. III.

24. Plaintiff BERNARDO was pulled over by Defendants MEDINA, BREDA and DOES 1 through 6, inclusive, for allegedly having a broken headlight.

25. BERNARDO pulled his vehicle over.

26. Not long after BERNARDO pulled over, Defendant OROZCO also arrived on scene.

27. Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, approached BERNARDO's vehicle and ordered him out of his vehicle. BERNARDO then exited his vehicle.

28. Defendant BREDA had his taser pointed at BERNARDO as BERNARDO exited his vehicle.

29. BERNARDO took one step out of his vehicle and put his hands up.

30. The defendant officers ordered BERNARDO to turn around to face the vehicle.

31. BERNARDO immediately began to comply by turning his body towards his vehicle.

32. As BERNARDO was turning towards his vehicle, Defendant BREDA deployed his taser, striking Plaintiff BERNARDO. BREDA then deployed his taser a second time, striking BERNARDO again.

33. BERNARDO then went down to the ground.

34. While BERNARDO was on the ground, Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, further brutalized BERNARDO by striking BERNARDO and pushing him into the asphalt.

35. BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, then placed BERNARDO in the back of a patrol vehicle. BERNARDO was then taken to the hospital and placed under arrest.

36. Plaintiff BERNARDO's sons, J.J.B. II and J.J.B. III were in BERNARDO's vehicle during the incident.

37. J.J.B. II and J.J.B. III witnessed and heard the arrest of their father and the unreasonable use of force used by J.J.B. II and J.J.B. III.

38. Witnessing the unreasonable use of force used upon their father, caused extreme emotional distress to Plaintiffs J.J.B. II and J.J.B. III.

39. After the incident, Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, authored and assisted in authoring police reports regarding the arrest of BERNARDO.

40. The reports authored by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, contain several intentional misrepresentations.

41. For example, the reports allege that BERNARDO "exited the vehicle in a quick & aggressive manner. Bernardo assumed an aggressive combative like stance while facing Officer Orozco and I. Bernardo was now standing approximately three feet from us. It should be noted Bernardo had a large muscular build compared to my diaphragm as he stood in an aggressive stance directly in front of me."

42. The incident complained of is captured on video. The video shows that BERNARDO did not exit his vehicle in a quick or aggressive manner.

43. The video shows that Bernardo did not take an aggressive or combative like stance.

44. The reports go on to allege that "Bernardo did not comply with my repeated commands to face away from us."

45. The video shows that BERNARDO immediately began to turn around after he was ordered to turn around.

46. The reports go on to allege that "While on the ground, Bernardo balled his fists and actively tensed his arms grabbing onto Officer OROZCO's handcuffs. Bernardo was again actively resisting arrest and not allowing us to control his hands/arms. While we all were struggling with Bernardo, he exerted an unusual level of strength, and he was able to rise to his knees while we held onto him. After

several minutes of Bernardo actively resisting & exerting himself, he was subsequently placed into handcuffs with the assistance of Officer Orozco, Sgt. Medina and I."

47. This statement also misrepresents what occurred during the incident. BERNARDO was not resisting officers efforts to place him in handcuffs.

48. Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, authored and assisted in the authoring of the bogus police reports in an effort to induce the Santa Barbara County District Attorney's Office to prosecute BERNARDO.

49. The material misrepresentations by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, made to the district attorney's office, including claiming that BERNARDO was combative, resisted and delayed Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, were all not true.

50. Relying upon the misrepresentations of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, the district attorney's office prosecuted BERNARDO for allegedly violating Penal Code § 148(a)(1).

51. Once the prosecutors viewed the video of what occurred, the Santa Barbara County District Attorney's Office dismissed the criminal action against BERNARDO.

52. As mentioned above and in addition to the above and foregoing, when BERNARDO was physically harmed by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive. Specifically, when Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, tased BERNARDO and brutalized BERNARDO while taking him down to the ground and handcuffed BERNARDO.

53. The actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained above herein, constituted a violation of BERNARDO's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

54. As a direct and proximate result of the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, BERNARDO: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

55. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of BERNARDO's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and

each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

### SECOND CAUSE OF ACTION
### MALICIOUS PROSECUTION
### VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth and Fourteenth Amendment Right
### (By BERNARDO, Against Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive)

56. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 55, inclusive, above, as if set forth in full herein.

57. As shown above, Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, used excessive force upon BERNARDO and intentionally included false information in their reports to induce the Santa Barbara County District Attorney's Office to prosecute BERNARDO.

58. Also as shown above, Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, knew that plaintiff BERNARDO had not committed a violation of Penal Code § 148(a)(1), and, nonetheless, authored bogus police reports and accused plaintiff BERNARDO of various acts in an effort to justify their unlawful conduct.

59. Said police reports authored by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, also contained material misrepresentations of facts, including claiming that BERNARDO was combative, resisted and delayed Defendants BREDA, MEDINA, OROZCO and DOES 1

through 6, inclusive, all of which was not true, upon which the Santa Barbara County District Attorney's Office relied, in large part, in deciding to file and to maintain the criminal prosecution of plaintiff BERNARDO.

60. Moreover, said criminal action against BERNARDO was dismissed by the Santa Barbara County District Attorney's Office.

61. Moreover, said criminal action was procured by said defendants with malice.

62. Moreover, as California does not provide for any remedy for an aggrieved malicious prosecution victim to sue a public employee for the filing and/or procurement of a bogus criminal action, pursuant to *Parratt v. Taylor*, 451 U.S. 527 (1981), the actions of said defendants constituted a violation of the Fourth, Ninth, and Fourteenth Amendments to the United States Constitution.

63. As a direct and proximate result of the actions Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, BERNARDO: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

64. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of BERNARDO's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and

each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

**THIRD CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourteenth Amendment Rights –**
**Deliberate Fabrication of Evidence**
**(By BERNARDO, Against Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive)**

65. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 64, inclusive, above, as if set forth in full herein.

66. Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, deliberately fabricated evidence that was used to criminally charge and prosecute BERNARDO.

67. The reports authored by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, are littered with intentional material misrepresentations. These misrepresentations include stating, ".

68. These reports were ultimately submitted to the Santa Barbara County District Attorney's Office and relied upon during the prosecution of BERNARDO.

69. Defendants alleged in their reports that BERNARDO was combative, resisted, and delayed Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive. All of which were not true and defendants knew these statements were not true.

COMPLAINT FOR DAMAGES

70. Defendants knew that they were misrepresenting the facts of this incident and were deliberately indifferent to the fact that their misrepresentations were relied upon during the prosecution of BERNARDO.

71. The actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of BERNARDO's rights under the Fourteenth Amendment to the United States Constitution.

72. As a direct and proximate result of the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, BERNARDO: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

73. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of BERNARDO's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

/ / /

/ / /

/ / /

## FOURTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
## FEDERAL CLAIM FOR FAILURE TO PROPERLY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
## (By BERNARDO, Against CITY)

74. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 73, inclusive, above, as if set forth in full herein.

75. As complained of herein above, the acts of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, deprived BERNARDO of his rights under the laws of the United States and The United States Constitution.

76. The training policies of CITY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted BERNARDO, including knowing what conduct rises to the level of a violation of Penal Code § 148(a)(1); and when reasonable force may be used against a person.

77. CITY was deliberately indifferent to the obvious consequences of its failure to train its peace officer employees adequately.

78. The failure of CITY to provide adequate training caused the deprivation of Plaintiff's rights by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive.

79. CITY's failure to train is closely related to the deprivation of Plaintiff's rights as to be the moving force that ultimately caused Plaintiff BERNARDO's injuries.

80. As a direct and proximate result of the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, BERNARDO: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

**FIFTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On Official Policy,**
**Practice, or Custom**
**(By BERNARDO, Against CITY)**

81. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 though 80, inclusive, above, as if set forth in full herein.

82. As shown above, the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, deprived BERNARDO of his particular rights under the United States Constitution, as described above.

83. At all times complained of herein, Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages, and practices of the Guadelupe Police Department / Defendant CITY: 1) using excessive force; 2) maliciously prosecuting persons; and 3) for covering up unlawful and tortious conduct by Guadelupe Police Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

COMPLAINT FOR DAMAGES

84. Said actions of said defendants were done by them under the color of state law.

85. As a proximate result of said defendants acting pursuant to said policies, customs, usages, and practices of defendant CITY, above-described, said defendants committed said actions complained of above.

86. As a direct and proximate result of the actions of Defendants, as complained of herein, BERNARDO: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

## SIXTH CAUSE OF ACTION
### Battery
### Under California State Law
### (By BERNARDO, Against all Defendants)

87. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 86, inclusive, above, as if set forth in full herein.

88. The actions committed by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, constituted the unjustified, non-consensual, use of unlawful force and violence upon Plaintiff BERNARDO, and, therefore, constituted a battery of him by said above-referenced defendant officers under California state law.

89. As a direct and proximate result of the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, Plaintiff was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, bail costs and other associated costs and expenses; all in an amount to be proven at trial in excess of $3,000,000.00.

90. The actions by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save Defendant CITY, in an amount to be proven at trial in excess of $2,000,000.00.

91. Said Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, are liable to Plaintiff for said battery on him, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common law.

## SEVENTH CAUSE OF ACTION
### Violation of Cal. Civil Code § 52.1
### Under California State Law
### (By BERNARDO, Against all Defendants)

92. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 91, inclusive, above, as if set forth in full herein.

93.     The actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiff of the rights secured to him by the Constitution and laws of the United States, and of the rights secured to him by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

94. Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, are liable to plaintiff for said violations of his constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

95.     As a direct and proximate result of the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, in excess of $3,000,000.00.

96.     The actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against Defendants

BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, in an amount to be proven at trial, in excess of $2,000,000.00.

97. In addition, as a result of the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiff is entitled to an award of treble compensatory damages and attorney fees against all defendants, and each of them.

## EIGHTH CAUSE OF ACTION
### Negligence
### Under California State Law
### (By BERNARDO, Against all Defendants)

98. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 97, inclusive, above, as if set forth in full herein.

99.   The actions committed by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein and as described above, also constituted a breach of defendants' duty to use due care toward Plaintiff.

100.   As a direct and proximate result of the actions committed by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $3,000,000.00.

## NINTH CAUSE OF ACTION
**Negligent Infliction Of Emotional Distress**
**Under California State Law**
**(By all Plaintiffs, as Against all Defendants)**

101. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 100, inclusive, above, as if set forth in full herein.

102. As shown above, Plaintiffs J.J.B. II and J.J.B. III each had a sensory awareness and/or observed that their father, BERNARDO, was being tased and beaten and arrested by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive.

103. Accordingly, the actions committed by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, constituted breach of defendants' duty to use due care toward Plaintiffs under California State Law; said breach of duty resulting in the infliction of great emotional distress to Plaintiffs J.J.B. II and J.J.B. III.

104. As a direct and proximate result of the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, Plaintiffs: 1) were substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, and 3) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $3,000,000.00.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an

amount in excess of $3,000,000.00;

b)  For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $2,000,000.00;

c) Treble damages;

d) For an award of reasonable attorney's fees and costs;

e) For a trial by jury; and

f) For such other and further relief as this honorable court deems just and equitable.

_____/s/ Gregory Peacock_____
GREGORY PEACOCK

COMPLAINT FOR DAMAGES
24