James N. Procter II – State Bar No. 96589
Lisa N. Shyer – State Bar No. 195238
PROCTER, SHYER & WINTER
601 East Daily Drive, Suite 205
Camarillo, California 93010
Phone: (805) 278-0920
Facsimile: (805) 278-0289
Email: jim@proctershyer.com/lisa@proctershyer.com

Attorneys for Defendants,
   CITY OF GUADALUPE, FRANK MEDINA
   and CHRISTOPHER OROZCO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BERNARDO, and JESSICA GARCIA, as guardian ad litem for Minors, J.J.B.II J.J.B III,<br><br>   Plaintiffs,<br><br>vs.<br><br>CITY OF GUADALUPE, ANDREW BREDA, FRANK MEDINA; CHRISTOPHER OROZCO; and DOES 1 through 10, inclusive,<br><br>   Defendants. | CASE NO. 2:24-cv-09493-FMO-MAA<br><br>**DEFENDANTS, CITY OF GUADALUPE, FRANK MEDINA and CHRISTOPHER OROZCO'S, ANSWER COMPLAINT OF JOSEPH BERNARDO AND JESSICA GARCIA AS GUARDIAN AD LITEM FOR MINORS J.J.B. II AND J.J.B. III** |

    In response to the complaint of Joseph Bernardo and Jessica Garcia as guardian ad litem for minors J.J.B. II and J.B.B. III, an individual, (hereinafter sometimes referred to as "plaintiffs"), defendants, CITY OF GUADALUPE, FRANK MEDINA and CHRISTOPHER OROZCO, (hereinafter referred to as "defendants") answer as follows:

    1. Answering paragraph 1 of the complaint, defendants admit that jurisdiction is conferred upon the court pursuant to the cited statutes.

1
**ANSWER TO COMPLAINT**

2. Answering paragraph 2 of the complaint, defendants admit that the incident occurred in Santa Barbara County in the State of California, and that venue is proper in this Court.

3. Answering paragraph 3 of the complaint, defendants admit the allegations contained therein.

4. Answering paragraph 4 of the complaint, defendants admit the allegations contained therein, with the exception of J.J.B.II J.J.B III, for whom no Government Tort claim was submitted.

5. Answering paragraph 5 of the complaint, defendants admit the allegations contained therein.

6. Answering paragraph 6 of the complaint, defendants admit the allegations contained therein.

7. Answering paragraph 7 of the complaint, defendants admit the allegations contained therein.

8. Answering paragraph 8 of the complaint, defendants admit the allegations contained therein.

9. Answering paragraph 9 of the complaint, defendants admit the allegations contained therein.

10. Answering paragraph 10 of the complaint, defendants admit the allegations set forth therein, but deny that he is currently employed by the City of Guadalupe.

11. Answering paragraph 11 of the complaint, defendants admit the allegations contained therein.

12. Answering paragraph 12 of the complaint, defendants admit the allegations contained therein.

13. Answering paragraph 13 of the complaint, defendants lack sufficient information and belief as to the identity of any DOE defendants and on that basis deny each and every allegation contained therein.

14. Answering paragraph 14 of the complaint, defendants have no knowledge of the truth or falsity of the allegations of this paragraph and on that basis deny the allegations contained therein.

15. Answering paragraph 15 of the complaint, defendants lack sufficient information and belief as to the identity of any DOE defendants and on that basis defendants deny each and every other allegation contained therein.

16. Answering paragraph 16 of the complaint, defendants lack sufficient information and belief as to the identity of any Doe defendants and on that basis deny the allegations contained therein.

17. Answering paragraph 17 of the complaint, defendants lack sufficient information and belief as to the identity of any DOE defendants and on that basis deny the allegations contained therein.

18. Answering paragraph 18 of the complaint, defendants lack sufficient information and belief as the identities of any DOE defendants and on that basis deny the allegations contained therein.

19. Answering paragraph 19 of the complaint, defendants deny each and every allegation contained therein.

20. Answering paragraph 20 of the complaint, defendants deny the allegations contained therein.

21. Answering paragraph 21 of the complaint, defendants deny the allegations contained therein.

22. Answering paragraph 22 of the complaint, defendants admit that plaintiffs reallege paragraphs 1-22 of the complaint.

23. Answering paragraph 23 of the complaint, defendants admit the allegations contained therein.

24. Answering paragraph 24 of the complaint, defendants admit the allegations contained therein, save and except the allegations regarding the DOE defendants, which defendants deny.

25. Answering paragraph 25 of the complaint, defendants admit the allegations contained therein.

26. Answering paragraph 26 of the complaint, defendants admit the allegations contained therein.

27. Answering paragraph 27 of the complaint, defendants admit that BERNARDO exited his vehicle after being told to do so multiple times. The allegations regarding the DOE defendants are denied.

28. Answering paragraph 28 of the complaint, defendants admit the allegations contained therein.

29. Answering paragraph 29 of the complaint, defendants object to the phrase "took one step out of the vehicle and put hands up." Defendants admit that plaintiff took one step out of the vehicle but deny that BERNARDO "put his hands up" but rather that he briefly held his arms out to his side while questioning the officers.

30. Answering paragraph 30 of the complaint herein, defendants admit the allegations contained therein.

31. Answering paragraph 31 of the complaint, defendants deny each and every allegation contained therein.

32. Answering paragraph 32 of the complaint, defendants admit that OFFICER BREDA deployed his taser two times, striking BERNARDO. Defendants are unable to admit or deny the allegation that BERNARDO was turning around to face the vehicle or that it was his intention to do so, on that basis, deny such allegations.

33. Answering paragraph 33 of the complaint, defendants admit the allegations contained therein.

34. Answering paragraph 34 of the complaint, defendants deny the allegations contained therein, and affirmatively allege that they used only the amount of force necessary to restrain BERNARDO, who was resisting the defendants efforts to handcuff him.

35. Answering paragraph 35 of the complaint, defendants admit that they placed BERNARDO in the back of a patrol vehicle, transported him to the hospital and placed him under arrest. As to the DOE defendants, these answering defendants deny such allegations on information and belief.

36. Answering paragraph 36 of the complaint, defendants admit.

37. Answering paragraph 37 of the complaint, defendants admit that the minor plaintiffs witnessed the arrest, but deny that they witnessed an unreasonable use of force.

38. Answering paragraph 38 of the complaint, defendants lack sufficient information and belief to admit or deny this allegation and, on that basis, deny the allegations contained therein.

39. Answering paragraph 39 of the complaint, defendants admit the allegations contained therein.

40. Answering paragraph 40 of the complaint, defendants deny each and every allegation contained therein.

41. Answering paragraph 41 of the complaint, defendants admit the allegations contained therein.

42. Answering paragraph 42 of the complaint, defendants admit that the incident was captured on video. Save and except for this admission, defendants deny the allegations contained therein.

43. Answering paragraph 43 of the complaint, defendants deny the allegations contained therein.

44. Answering paragraph 44 of the complaint, defendants admit the allegations contained therein.

45. Answering paragraph 45 of the complaint, defendants deny the allegations contained therein.

46. Answering paragraph 46 of the complaint herein, defendants admit the allegations contained therein.

47. Answering paragraph 47 of the complaint, defendants deny each and every allegation contained therein.

48. Answering paragraph 48 of the complaint herein, defendants deny each and every allegation contained therein.

49. Answering paragraph 48 of the complaint, defendants deny each and every allegation contained therein.

50. Answering paragraph 50 of the complaint herein, defendants lack sufficient information and belief to admit or deny these allegations and, on that basis, deny said allegations.

51. Answering paragraph 51 of the complaint herein, defendants lack sufficient information and belief to admit or deny these allegations and, on that basis, deny said allegations.

52. Answering paragraph 52 of the complaint herein, defendants admit that BERNARDO was tased and handcuffed. All other allegations in this paragraph are denied.

53. Answering paragraph 53 of the complaint herein, defendants lack sufficient information and belief to admit or deny these allegations and, on that basis, deny said allegations.

54. Answering paragraph 54 of the complaint herein, defendants lack sufficient information and belief to admit or deny these allegations and, on that basis, deny said allegations.

55. Answering paragraph 55 of the complaint, defendants deny the allegations contained therein.

56. Answering para graph 56 of the complaint herein defendants admit that plaintiffs reallege paragraphs 1 through 55, inclusive.

57. Answering paragraph 57 of the complaint, defendants deny the allegations contained therein.

58. Answering paragraph 58 of the complaint, defendants deny the allegations

contained therein.

59. Answering paragraph 59 of the complaint, defendants deny the allegations contained therein.

60. Answering paragraph 60 of the complaint herein, defendants admit the allegations contained therein.

61. Answering paragraph 61 of the complaint, defendants deny the allegations contained therein.

62. Answering paragraph 62 of the complaint, defendants deny the allegations contained therein.

63. Answering paragraph 63 of the complaint herein, defendants lack sufficient information and belief to admit or deny these allegations and, on that basis, deny said allegations.

64. Answering paragraph 64 of the complaint, defendants deny the allegations contained therein.

65. Answering paragraph 65 of the complaint herein, defendants admit that plaintiffs reallege paragraphs 1 through 64, inclusive.

66. Answering paragraph 66 of the complaint, defendants deny the allegations contained therein.

67. Answering paragraph 67 of the complaint, defendants deny the allegations contained therein.

68. Answering paragraph 68 of the complaint herein, defendants lack sufficient information and belief to admit or deny these allegations and, on that basis, deny said allegations.

69. Answering paragraph 69 of the complaint herein, defendants admit reporting that BERNARDO was combative, resisting and delaying defendants; all other allegations in this paragraph are denied.

70. Answering paragraph 70 of the complaint, defendants deny the allegations contained therein.

71. Answering paragraph 71 of the complaint, defendants deny the allegations contained therein.

72. Answering paragraph 72 of the complaint herein, defendants lack sufficient information and belief to admit or deny these allegations and, on that basis, deny said allegations.

73. Answering paragraph 45 of the complaint, defendants deny the allegations contained therein (Same as 45)

74. Answering paragraph 74 of the complaint herein, defendants admit that plaintiffs reallege paragraphs 1 through 73, inclusive.

75. Answering paragraph 75 of the complaint, defendants deny the allegations contained therein.

76. Answering paragraph 76 of the complaint, defendants deny the allegations contained therein.

77. Answering paragraph 77 of the complaint, defendants deny the allegations contained therein.

78. Answering paragraph 78 of the complaint, defendants deny the allegations contained therein.

79. Answering paragraph 79 of the complaint, defendants deny the allegations contained therein.

80. Answering paragraph 80 of the complaint herein, defendants lack sufficient information and belief to admit or deny these allegations and, on that basis, deny said allegations.

81. Answering paragraph 81 of the complaint herein, defendants admit that plaintiffs reallege paragraphs 1 through 80, inclusive.

82. Answering paragraph 82 of the complaint, defendants deny the allegations contained therein.

83. Answering paragraph 83 of the complaint, defendants deny the allegations contained therein.

84. Answering paragraph 84 of the complaint herein, defendants admit the allegations contained therein.

85. Answering paragraph 85 of the complaint herein defendants deny that they acted pursuant to any unconstitutional or otherwise illegal policies, customs, usages or practices of the CITY OF GUADALUPE.

86. Answering paragraph 86 of the complaint herein, defendants lack sufficient information and belief to admit or deny these allegations and, on that basis, deny said allegations.

87. Answering paragraph 87 of the complaint herein, defendants admit that plaintiffs reallege paragraphs 1 through 86, inclusive.

88. Answering paragraph 88 of the complaint, defendants deny the allegations contained therein.

89. Answering paragraph 89 of the complaint herein, defendants lack sufficient information and belief to admit or deny these allegations and, on that basis, deny said allegations.

90. Answering paragraph 90 of the complaint, defendants deny the allegations contained therein.

91. Answering paragraph 91 of the complaint, defendants deny the allegations contained therein.

92. Answering paragraph 92 of the complaint herein, defendants admit that plaintiffs reallege paragraphs 1 through 91, inclusive.

93. Answering paragraph 93 of the complaint, defendants deny the allegations contained therein.

94. Answering paragraph 94 of the complaint, defendants deny the allegations contained therein.

95. Answering paragraph 95 of the complaint herein, defendants lack sufficient information and belief to admit or deny these allegations and, on that basis, deny said allegations.

96. Answering paragraph 96 of the complaint, defendants deny the allegations contained therein.

97. Answering paragraph 97 of the complaint, defendants deny the allegations contained therein.

98. Answering para graph 98 of the complaint herein, defendants admit that plaintiffs reallege paragraphs 1 through 97, inclusive.

99. Answering paragraph 99 of the complaint, defendants deny the allegations contained therein.

100. Answering paragraph 100 of the complaint herein, defendants lack sufficient information and belief to admit or deny these allegations and, on that basis, deny said allegations.

101. Answering paragraph 101 of the complaint herein, defendants admit that plaintiffs reallege paragraphs 1 through 100, inclusive.

102. Answering paragraph 102 of the complaint herein, defendants lack sufficient information and belief to admit or deny these allegations and, on that basis, deny said allegations.

103. Answering paragraph 103 of the complaint, defendants deny the allegations contained therein.

104. Answering paragraph 104 of the complaint herein, defendants lack sufficient information and belief to admit or deny these allegations and, on that basis, deny said allegations.

**AFFIRMATIVE DEFENSES**

1. As and for a first separate and distinct affirmative defense, each and every cause of action asserted against these defendants fails to state a claim upon which relief can be granted.

2. As and for a second separate and distinct affirmative defense, as there is no underlying constitutional violation, defendants cannot be liable, under *City of Los Angeles v. Heller*, 475 U.S. 796 (1986), for any federal claim.

3. As and for a third separate and distinct affirmative defense, defendants are entitled to the benefit and protection of the qualified immunity.

4. As and for a fourth separate and distinct affirmative defense, the defendants or any policymaking individual did not deliberately or indifferently adopt, ratify, or enforce any custom, practice, or policy which deprived the plaintiffs of any federally protected constitutional rights.

5. As and for a fifth separate and distinct affirmative defense, the actions of defendants were not in conscious disregard of the rights of the plaintiff or deliberately indifferent to the constitutional rights of the decedent.

6. As and for a sixth separate and distinct affirmative defense, punitive damages against a public entity are not recoverable pursuant to the rationale and holding of *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

7. As and for a seventh separate and distinct affirmative defense, defendants allege that no policymaking individual with any entity defendant in this case consciously decided to adopt, promulgate, or ratify any deliberately indifferent custom, practice, or policy which actually led to the deprivation of any of plaintiff's federally protected civil rights.

8. As and for an eighth separate and distinct affirmative defense, defendants allege that no constitutional violation was committed, so any entity defendant is not chargeable with a viable federal civil rights cause of action. *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994); *Palmerin v. City of Riverside*, 794 F.2d 1409, 1410-1415 (9th Cir. 1986); *Scott v. Clay County*, 205 F.3d 867, 879 (6th Cir. 2000).

9. As and for a ninth separate and distinct affirmative defense, the state-law causes of action, are barred as against the entity defendants because the officers cannot be liable so there is no basis for respondeat superior liability against the entity defendants in accordance with Government Code Section 815.2, which provides that the public entity is not liable for the acts of an employee if the employee is immune from liability, as well as *Thomas v. City of Richmond*, 9 Cal.4th 1154, 1157-1158

(1995), *Collins v. City and County of San Francisco*, 50 Cal.App.3d 671, 673 (1975) and *Perez v. City of Huntington Park*, 7 Cal.App.4th 817, 819-820 (1992).

10. As and for a tenth separate and distinct affirmative defense, the state-law causes of action are barred by California Government Code Section 820.2, which precludes liability where the act or omission was the result of the exercise of discretion vested in a government official, whether or not such discretion was abused.

11. As and for an eleventh separate and distinct affirmative defense, the state-law causes of action are precluded by the provisions of California Government Code Section 820.4, which provides that a public employee is not liable for his act or omission while exercising due care in the execution or enforcement of any law.

12. As and for a twelfth separate and distinct affirmative defense, the state-law causes of action are precluded by or diminished in proportion to the plaintiff's comparative fault or contributory negligence.

13. As and for a thirteenth separate and distinct affirmative defense, defendants allege that the action is barred by the fact that the defendants did not deliberately and intentionally violate the plaintiffs' rights, were not deliberately indifferent, nor did they possess the requisite *mens rea* or level of fault to be chargeable with a federal civil rights violation.

14. As and for a fourteenth separate and distinct affirmative defense, defendants are immune as to the state-law claims pursuant to California Government Code Section 820.8.

15. As and for a fifteenth separate and distinct affirmative defense, defendants allege that the plaintiff acted with full knowledge of all the facts and circumstances surrounding his alleged injuries and assumed the risk of the matters causing the alleged injuries, and the matters of which plaintiff assumed the risk proximately contributed to and proximately caused his alleged injuries, if any there were.

16. As and for a sixteenth separate and distinct affirmative defense, defendants allege that plaintiff had a duty to mitigate his damages and failed to do so

and is thereby barred from recovery of damages flowing from the failure to mitigate.

17. As and for a seventeenth separate and distinct affirmative defense, defendants are immune as to the state-law claims pursuant to California Government Code Section 820.6.

18. As and for an eighteenth separate and distinct affirmative defense, defendants allege that at all times herein mentioned, defendant's officers were performing their duties pursuant to the discretion vested in them; that if plaintiff was damaged as a result of the exercise of discretion vested in said employees, plaintiff's cause of action is barred.

19. As and for a nineteenth separate and distinct affirmative defense, defendants deny that plaintiff is entitled to attorney's fees in this matter.

20. As and for a twentieth separate and distinct affirmative defense, defendants are immune from liability because all acts were performed in self-defense and/or in the defense of others, and the use of force was reasonable under the totality of the circumstances.

21. As and for a twenty-first separate and distinct affirmative defense, defendants allege that the injuries or damages, if any, sustained by the plaintiff were proximately caused by the negligent or unlawful acts or omissions of persons other than these defendants, and the liability of each defendant and responsible party, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of these answering defendants, if any, should be reduced accordingly.

22. As and for a twenty-second separate and distinct affirmative defense, plaintiff has failed to substantially comply with the claims presentation and/or filing requirements of California Government Code Section 900, et seq.

23. As and for a twenty-third separate and distinct affirmative defense, defendants are immune from liability pursuant to the provisions of California Penal Code Section 148.

24. As and for a twenty-fourth separate and distinct affirmative defense,

defendants are immune from liability pursuant to the provisions of California Penal Code Section 834a.

25. As and for a twenty-fifth separate and distinct affirmative defense, defendants are immune from liability pursuant to the provisions of California Penal Code Section 835a.

26. As and for a twenty-sixth separate and distinct affirmative defense, defendants allege that they are immune from liability because all acts were performed in good faith and without malice.

27. As and for a twenty-seventh separate and distinct affirmative defense, defendants allege that the force employed, if any, at the time and place mentioned in the complaint was not excessive or unreasonable under the circumstances.

28. As and for a twenty-eighth separate and distinct affirmative defense, defendants allege that they are immune from liability because probable cause existed which permitted all acts taken regarding the facts alleged in plaintiff's complaint.

29. As and for a twenty-ninth separate and distinct affirmative defense, defendants allege that they are immune from liability because the actions of the defendants and their employees and/or agents were objectively reasonable.

30. As and for a thirtieth separate and distinct affirmative defense, defendants allege that at all times herein mentioned, defendants were performing their duties pursuant to the discretion vested in them; that if plaintiff was damaged as a result of the exercise of discretion vested in said defendants or their employees or agents, plaintiff's cause of action is barred.

31. As and for a thirty-first separate and distinct affirmative defense, defendants allege that plaintiff's claims and causes of action under the complaint are barred by reason of the statute of limitations and the doctrine of laches in that the pleadings were not filed within the proper or reasonable time with respect to the alleged damages.

32. As and for a thirty-second separate and distinct affirmative defense,

defendants, their employees, and agents are immune from liability because they had a reasonable belief in the lawfulness of their conduct and showed good faith.

33. As and for a thirty-third separate and distinct affirmative defense, plaintiff is barred from any exemplary or punitive damages inasmuch as any act or conduct as may be shown on the part of these answering defendants resulted from provocative acts, conduct, and words on the part of plaintiff, and punitive damages are inappropriate under the statutes, case law, and Constitutions of California and the United States.

## PRAYER

WHEREFORE, these answering defendants, having fully answered plaintiffs' amended complaint, pray for judgment in favor of defendants, for costs of suit incurred herein, for attorney's fees pursuant to 42 U.S.C. §1988, and for such other and further relief as the Court deems just and proper.

DATED: December 3, 2024

PROCTER, SHYER & WINTER

By: _____
James N. Procter II
Lisa N. Shyer
Attorneys for Defendants,
CITY OF GUADALUPE, FRANK MEDINA
AND CHRISTOPHER OROZCO

**DEMAND FOR TRIAL BY JURY**

Defendants CITY OF GUADALUPE, FRANK MEDINA AND CHRISTOPHER OROZCO hereby demand a trial by jury.

DATED: December 3, 2024    PROCTER, SHYER & WINTER

By: _____
James N. Procter II
Lisa N. Shyer
Attorneys for Defendants,
CITY OF GUADALUPE, FRANK MEDINA AND CHRISTOPHER OROZCO

**STATE OF CALIFORNIA, COUNTY OF VENTURA**

I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action. My business address is 601 East Daily Drive, Suite 205, Camarillo, California 93010.

On December 3, 2024, I served the foregoing document(s) described as **DEFENDANTS, CITY OF GUADALUPE, FRANK MEDINA and CHRISTOPHER OROZCO'S, ANSWER COMPLAINT OF JOSEPH BERNARDO AND JESSICA GARCIA AS GUARDIAN AD LITEM FOR MINORS J.J.B. II AND J.J.B. III** on the interested parties in this action, by placing ____ the original _X_ a true copy thereof addressed as follows: SEE ATTACHED SERVICE LIST

__x__ **(BY E-MAIL/ELECTRONIC TRANSMISSION)** I caused the documents to be sent to the interested parties herein at the e-mail addresses included in the attached Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.
addressee.

__X__ **(Federal)**    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 3, 2024, at Camarillo, California.

/s/

Shellye Cruz

1

PROOF OF SERVICE

**SERVICE LIST**

**Bernardo v City of Guadalupe, et al.**
United States District Court Case No: 2:24-cv-09493

**ATTORNEYS FOR PLAINTIFFS**
Jerry L. Steering, Esq.
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849/Facsimile: (949) 474-1883
Email: jerrysteering@yahoo.com

Gregory Peacock, Esq.
LAW OFFICE OF GREGORY PEACOCK
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com