**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email: jerrysteering@yahoo.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiffs Joseph Bernardo, individually and as guardian ad litem for minors J.J.B. II, J.J.B. III

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BERNARDO, and JESSICA GARCIA as guardian ad litem for Minors J.J.B. II and J.J.B. III,<br><br>      Plaintiffs,<br><br>      vs.<br><br>CITY OF Guadalupe; ANDREW BREDA; FRANK MEDINA; CHRISTOPHER OROZCO; and DOES 1 through 10, inclusive,<br><br>      Defendants. | ) Case No. 2:24-cv-09493-SRM-MAA<br>)<br>) **DECLARATION OF GREGORY**<br>) **PEACOCK IN SUPPORT OF THE**<br>) **PARTIES' STIPULATION TO**<br>) **SUBSTITUTE PLAINTIFFS AND TO**<br>) **ALLOW PLAINTIFFS TO FILE**<br>) **THEIR FIRST AMENDED**<br>) **COMPLAINT**<br>)<br>) **HON. SERENA R. MURILLO, UNITED**<br>) **STATES DISTRICT JUDGE**<br>)<br>)<br>)<br>) |

**DECLARATION OF GREGORY PEACOCK IN SUPPORT OF THE PARTIES' STIPULATION TO SUBSTITUTE PLAINTIFFS AND TO ALLOW PLAINTIFFS TO FILE THEIR FIRST AMENDED COMPLAINT**

1

## DECLARATION OF GREGORY PEACOCK

I, Gregory Peacock, do state and declare as follows:

1) I am an attorney duly licensed to practice before this court and attorney of record for Plaintiffs in this action. I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently thereto.

2) Plaintiffs filed this action on November 1, 2024. [Docket No. 1].

3) The plaintiffs in the Original Complaint are Joseph Bernardo and Minors J.J.B. II and J.J.B. III.

4) The Original Complaint alleges that Plaintiff Joseph Bernado was subjected to excessive force and that two of his minor children, J.J.B. II and J.J.B. III, suffered emotional distress having watched their father being subjected to excessive force.

5) Plaintiff Joseph Bernardo died on April 26, 2025.

6) Decedent Joseph Bernardo was survived by his three children, J.J.B. II, J.J.B. III and J.M.B.

7) J.M.B. did not witness the incident complained of in this action and was therefore not named in the Original Complaint.

8) J.J.B. II, J.J. B. III and J.M.B. are the successors in interest to Joseph Bernardo, and also seek to substitute into the place of Joseph Bernardo for the purpose of this litigation.

9) Attached hereto as Exhibit "A" is a true and correct copy of Plaintiffs' Proposed

**DECLARATION OF GREGORY PEACOCK IN SUPPORT OF THE PARTIES' STIPULATION TO SUBSTITUTE PLAINTIFFS AND TO ALLOW PLAINTIFFS TO FILE THEIR FIRST AMENDED COMPLAINT**

2

First Amended Complaint.

10)     Attached hereto as Exhibit " B" is a true and correct copy of Plaintiffs' Proposed First Amended Complaint in "track changes" which show the changes made in the First Amended Complaint from the Original Complaint.

11)     Attached hereto as Exhibit "C" is a true and correct copy of Joseph Bernardo's Death Certificate.

I declare under penalty of perjury under the laws of the United States of America that the above and foregoing is true and correct.

This the 1ˢᵗ day of October, 2025 at Newport Beach, California.


*/S/ Gregory Peacock*
GREGORY PEACOCK

**DECLARATION OF GREGORY PEACOCK IN SUPPORT OF THE PARTIES' STIPULATION TO SUBSTITUTE PLAINTIFFS AND TO ALLOW PLAINTIFFS TO FILE THEIR FIRST AMENDED COMPLAINT**

3

# EXHIBIT "A"

1  **LAW OFFICE OF JERRY L. STEERING**
2  Jerry L. Steering, Esq. (SBN 122509)
   4063 Birch Street
3  Suite 100
   Newport Beach, CA 92660
4  Telephone: (949) 474-1849
5  Facsimile: (949) 474-1883
   Email: jerrysteering@yahoo.com
6
7  **LAW OFFICE OF GREGORY PEACOCK**
8  Gregory Peacock, ESQ. (SBN. 277669)
   4063 Birch Street
9  Suite 100
   Newport Beach, CA 92660
10 Telephone: (949) 292-7478
11 Email: gregorypeacockesq@gmail.com

12 Attorneys for Plaintiffs Jessica Garcia as guardian ad litem for minors J.J.B. II,
13 J.J.B. III and J.M.B., as successors in interest to Decedent Joseph Bernardo

14            **UNITED STATES DISTRICT COURT**

15            **CENTRAL DISTRICT OF CALIFORNIA**

16

17 | JESSICA GARCIA as guardian ad litem | Case No.: 2:24-cv-09493-SRM-MAA
   | for Minors J.J.B. II, J.J.B. III and |
18 | J.M.B., as successors in interest to | FIRST AMENDED COMPLAINT FOR
19 | Decedent Joseph Bernardo, | DAMAGES FOR:

20 |        Plaintiffs,

21 |            vs.                       | 1. Violation of Fourth Amendment
                                          |    Rights – Excessive Force;
22 | CITY OF Guadalupe; ANDREW
23 | BREDA; FRANK MEDINA;               | 2. Violation of Fourth / Fourteenth
   | CHRISTOPHER OROZCO; and DOES      |    Amendment – Malicious
24 | 1 through 10, inclusive,           |    Prosecution;
25 |
26 |        Defendants.                 | 3. Violation of Fourth / Fourteenth
                                          |    Amendment – Deliberate
27 |                                    |    Fabrication of Evidence;
28 |
   |                                    | 4. Municipal Liability – Failure to
   |                                    |    Train and/or Discipline;

FIRST AMENDED COMPLAINT FOR DAMAGES
1

5. Municipal Liability – Unconstitutional Custom/Practice and/or Policy;

6. Battery (California Law);

7. Violation of Civil Code § 52.1 (California Law);

8. Negligence (California Law);

9. Negligent Infliction of Emotional Distress (California Law).

**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiffs Jessica Garcia as guardian ad litem for minors J.J.B. II, J.J.B. III and J.M.B., as successors in interest to Decedent Joseph Bernardo, and shows this honorable court the following:

## <u>JURISDICTIONAL ALLEGATIONS</u>

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Santa Barbara, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3. As Plaintiffs' claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiffs' federal question claims, this court has jurisdiction over the

FIRST AMENDED COMPLAINT FOR DAMAGES

2

Plaintiffs' California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

4. Plaintiffs complied with the California Tort Claim Act. Plaintiffs timely submitted their claims for damages to the City of Guadalupe. Plaintiffs then timely filed this lawsuit after the City of Guadelupe denied Plaintiffs' claim.

## GENERAL ALLEGATIONS

5. Joseph Bernardo, hereinafter referred to as "BERNARDO", was a natural person, who, at all times complained of in this action, resided in the County of Santa Barbara, State of California. BERNARDO is legal and natural father of Plaintiffs J.J.B. II,J.J.B. III and J.M.B.

6. BERNARDO died intestate on April 26, 2025.

7. Jessica Garcia is the natural and legal mother of minor Plaintiffs J.J.B. II, J.J.B. III and J.M.B. Jessica Garcia appears in this action as the proposed guardian ad litem for Plaintiffs J.J.B. II,J.J.B. III and J.M.B.

8. Plaintiff J.J.B. II is a natural person, who, at all times complained of in this action, resided in the County of Santa Barbara, State of California. J.J.B. II is a minor. J.J.B. II is the natural and legal son of BERNARDO.

9. Plaintiff J.J.B. III is a natural person, who, at all times complained of in this action, resided in the County of Santa Barbara, State of California. J.J.B. III is a minor. J.J.B. III is the natural and legal son of BERNARDO.

FIRST AMENDED COMPLAINT FOR DAMAGES

3

10.    Plaintiff J.M.B. is a natural person, who, at all times complained of in this action, resided in the County of Santa Barbara, State of California. J.M.B. is a minor. J.M.B. is the natural and legal son of BERNARDO.

11. Defendant City of Guadelupe, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

12. Defendant Andrew Breda, hereinafter also referred to as "BREDA", is, and at all times complained of herein, was, a peace officer employed by the Guadelupe Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

13. Defendant Frank Medina, hereinafter also referred to as "MEDINA", is, and at all times complained of herein, was, a peace officer employed by the Guadelupe Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

14. Defendant Christopher Orozco, hereinafter also referred to as "OROZCO", is, and at all times complained of herein, was, a peace officer employed by the Guadelupe Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

FIRST AMENDED COMPLAINT FOR DAMAGES

4

15. Defendants DOES 1 through 6, inclusive, are sworn peace officers and/or police officers and/or investigators and/or Special Officers and/or dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Guadalupe Police Department, who in some way committed some or all of the tortious actions (and unconstitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complaint of in this action, whose identities are, and remain, unknown to plaintiffs, who will amend their complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiffs.

16. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Guadelupe Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

17. Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or police making and/or final police making officials, employed by Guadelupe Police

Department and/or defendant City of Guadelupe, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Guadelupe Police Department for, *inter alia*,: 1) for using excessive force upon persons; 2) fabricating evidence; 3) covering up tortious conduct by Guadelupe Police Department peace officers.

18. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Guadelupe Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

19. At all times complained of herein, defendants DOES 7 though 10, inclusive, were acting as individual persons under the color of state law; under and

FIRST AMENDED COMPLAINT FOR DAMAGES

6

pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Guadelupe Police Department and/or otherwise with defendant CITY[1].

20. Plaintiffs are presently unaware of the identities of DOES 1 through 10, inclusive, and will amend their complaint to add and to show the actual names of said DOE defendants, when made known to plaintiffs.

21. In addition to the above and foregoing, Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiffs of their federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

22. Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiffs of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

23. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the

_____

[1] Such as a City executive officer.

FIRST AMENDED COMPLAINT FOR DAMAGES

7

plaintiff's federal and state constitutional and statutory rights, as complained of herein.

## FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights –
### Excessive/Unreasonable Use of Force on Person
### (By Plaintiffs, as successors in interest to BERNARDO, Against Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive)

24. Plaintiffs hereby reallege and incorporate by reference the allegations set fourth in paragraphs 1 through 23, inclusive, above, as if set forth in full herein.

25. During the evening of September 26, 2023, Plaintiff BERNARDO was driving in the City of Guadelupe with his two sons J.J.B II and J.J.B. III.

26. Plaintiff BERNARDO was pulled over by Defendants MEDINA, BREDA and DOES 1 through 6, inclusive, for allegedly having a broken headlight.

27. BERNARDO pulled his vehicle over.

28. Not long after BERNARDO pulled over, Defendant OROZCO also arrived on scene.

29. Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, approached BERNARDO's vehicle and ordered him out of his vehicle. BERNARDO then exited his vehicle.

30. Defendant BREDA had his taser pointed at BERNARDO as BERNARDO exited his vehicle.

31. BERNARDO took one step out of his vehicle and put his hands up.

FIRST AMENDED COMPLAINT FOR DAMAGES

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

32. The defendant officers ordered BERNARDO to turn around to face the vehicle.

33. BERNARDO immediately began to comply by turning his body towards his vehicle.

34. As BERNARDO was turning towards his vehicle, Defendant BREDA deployed his taser, striking Plaintiff BERNARDO. BREDA then deployed his taser a second time, striking BERNARDO again.

35. BERNARDO then went down to the ground.

36. While BERNARDO was on the ground, Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, further brutalized BERNARDO by striking BERNARDO and pushing him into the asphalt.

37. BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, then placed BERNARDO in the back of a patrol vehicle. BERNARDO was then taken to the hospital and placed under arrest.

38. Plaintiff BERNARDO's sons, J.J.B. II and J.J.B. III were in BERNARDO's vehicle during the incident.

39. J.J.B. II and J.J.B. III witnessed and heard the arrest of their father and the unreasonable use of force used by J.J.B. II and J.J.B. III.

40. Witnessing the unreasonable use of force used upon their father, caused extreme emotional distress to Plaintiffs J.J.B. II and J.J.B. III.

FIRST AMENDED COMPLAINT FOR DAMAGES

9

41. After the incident, Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, authored and assisted in authoring police reports regarding the arrest of BERNARDO.

42. The reports authored by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, contain several intentional misrepresentations.

43. For example, the reports allege that BERNARDO "exited the vehicle in a quick & aggressive manner. Bernardo assumed an aggressive combative like stance while facing Officer Orozco and I. Bernardo was now standing approximately three feet from us. It should be noted Bernardo had a large muscular build compared to my diaphragm as he stood in an aggressive stance directly in front of me."

44. The incident complained of is captured on video. The video shows that BERNARDO did not exit his vehicle in a quick or aggressive manner.

45. The video shows that Bernardo did not take an aggressive or combative like stance.

46. The reports go on to allege that "Bernardo did not comply with my repeated commands to face away from us."

47. The video shows that BERNARDO immediately began to turn around after he was ordered to turn around.

48. The reports go on to allege that "While on the ground, Bernardo balled his fists and actively tensed his arms grabbing onto Officer OROZCO's handcuffs.

FIRST AMENDED COMPLAINT FOR DAMAGES

10

Bernardo was again actively resisting arrest and not allowing us to control his hands/arms. While we all were struggling with Bernardo, he exerted an unusual level of strength, and he was able to rise to his knees while we held onto him. After several minutes of Bernardo actively resisting & exerting himself, he was subsequently placed into handcuffs with the assistance of Officer Orozco, Sgt. Medina and I."

49. This statement also misrepresents what occurred during the incident. BERNARDO was not resisting officers efforts to place him in handcuffs.

50. Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, authored and assisted in the authoring of the bogus police reports in an effort to induce the Santa Barbara County District Attorney's Office to prosecute BERNARDO.

51. The material misrepresentations by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, made to the district attorney's office, including claiming that BERNARDO was combative, resisted and delayed Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, were all not true.

52. Relying upon the misrepresentations of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, the district attorney's office prosecuted BERNARDO for allegedly violating Penal Code § 148(a)(1).

53. Once the prosecutors viewed the video of what occurred, the Santa Barbara County District Attorney's Office dismissed the criminal action against BERNARDO.

54. As mentioned above and in addition to the above and foregoing, when BERNARDO was physically harmed by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive. Specifically, when Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, tased BERNARDO and brutalized BERNARDO while taking him down to the ground and handcuffed BERNARDO.

55. The actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained above herein, constituted a violation of BERNARDO's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

56. As a direct and proximate result of the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, BERNARDO: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

FIRST AMENDED COMPLAINT FOR DAMAGES

12

57. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of BERNARDO's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

## SECOND CAUSE OF ACTION
## MALICIOUS PROSECUTION
### VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth and Fourteenth Amendment Right
### (By Plaintiffs, as successors in interest to BERNARDO, Against Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive)

58. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 57, inclusive, above, as if set forth in full herein.

59. As shown above, Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, used excessive force upon BERNARDO and intentionally included false information in their reports to induce the Santa Barbara County District Attorney's Office to prosecute BERNARDO.

60. Also as shown above, Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, knew that plaintiff BERNARDO had not committed a violation of Penal Code § 148(a)(1), and, nonetheless, authored bogus police reports and accused plaintiff BERNARDO of various acts in an effort to justify their unlawful conduct.

FIRST AMENDED COMPLAINT FOR DAMAGES

13

61. Said police reports authored by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, also contained material misrepresentations of facts, including claiming that BERNARDO was combative, resisted and delayed Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, all of which was not true, upon which the Santa Barbara County District Attorney's Office relied, in large part, in deciding to file and to maintain the criminal prosecution of plaintiff BERNARDO.

62. Moreover, said criminal action against BERNARDO was dismissed by the Santa Barbara County District Attorney's Office.

63. Moreover, said criminal action was procured by said defendants with malice.

64. Moreover, as California does not provide for any remedy for an aggrieved malicious prosecution victim to sue a public employee for the filing and/or procurement of a bogus criminal action, pursuant to *Parratt v. Taylor*, 451 U.S. 527 (1981), the actions of said defendants constituted a violation of the Fourth, Ninth, and Fourteenth Amendments to the United States Constitution.

65. As a direct and proximate result of the actions Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, BERNARDO: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred

FIRST AMENDED COMPLAINT FOR DAMAGES

14

other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

66. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of BERNARDO's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

## THIRD CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourteenth Amendment Rights –
### Deliberate Fabrication of Evidence
### (By Plaintiffs, as successors in interest to BERNARDO, Against Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive)

67. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 66, inclusive, above, as if set forth in full herein.

68. Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, deliberately fabricated evidence that was used to criminally charge and prosecute BERNARDO.

69. The reports authored by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, are littered with intentional material misrepresentations. These misrepresentations include stating, ".

70. These reports were ultimately submitted to the Santa Barbara County District Attorney's Office and relied upon during the prosecution of BERNARDO.

FIRST AMENDED COMPLAINT FOR DAMAGES

71. Defendants alleged in their reports that BERNARDO was combative, resisted, and delayed Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive. All of which were not true and defendants knew these statements were not true.

72. Defendants knew that they were misrepresenting the facts of this incident and were deliberately indifferent to the fact that their misrepresentations were relied upon during the prosecution of BERNARDO.

73. The actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of BERNARDO's rights under the Fourteenth Amendment to the United States Constitution.

74. As a direct and proximate result of the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, BERNARDO: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

75. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of BERNARDO's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and

each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

### FOURTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### FEDERAL CLAIM FOR FAILURE TO PROPERLY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
### (By Plaintiffs, as successors in interest to BERNARDO, Against CITY)

76. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 75, inclusive, above, as if set forth in full herein.

77. As complained of herein above, the acts of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, deprived BERNARDO of his rights under the laws of the United States and The United States Constitution.

78. The training policies of CITY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted BERNARDO, including knowing what conduct rises to the level of a violation of Penal Code § 148(a)(1); and when reasonable force may be used against a person.

79. CITY was deliberately indifferent to the obvious consequences of its failure to train its peace officer employees adequately.

80. The failure of CITY to provide adequate training caused the deprivation of Plaintiff's rights by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive.

81. CITY's failure to train is closely related to the deprivation of Plaintiff's rights as to be the moving force that ultimately caused Plaintiff BERNARDO's injuries.

82. As a direct and proximate result of the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, BERNARDO: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

## FIFTH CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
**Claim Against Local Governing Body Defendants Based On Official Policy, Practice, or Custom**
**(By Plaintiffs, as successors in interest to BERNARDO, Against CITY)**

83. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 though 82, inclusive, above, as if set forth in full herein.

84. As shown above, the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, deprived BERNARDO of his particular rights under the United States Constitution, as described above.

85. At all times complained of herein, Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages, and practices of the Guadelupe Police Department / Defendant CITY: 1) using excessive force; 2) maliciously prosecuting persons; and 3) for

FIRST AMENDED COMPLAINT FOR DAMAGES
18

covering up unlawful and tortious conduct by Guadelupe Police Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

86. Said actions of said defendants were done by them under the color of state law.

87. As a proximate result of said defendants acting pursuant to said policies, customs, usages, and practices of defendant CITY, above-described, said defendants committed said actions complained of above.

88. As a direct and proximate result of the actions of Defendants, as complained of herein, BERNARDO: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

## SIXTH CAUSE OF ACTION
### Battery
### Under California State Law
### (By Plaintiffs, as successors in interest to BERNARDO, Against all Defendants)

89. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 88, inclusive, above, as if set forth in full herein.

90. The actions committed by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, constituted the unjustified, non-consensual, use of unlawful force and violence upon Plaintiff BERNARDO, and, therefore,

constituted a battery of him by said above-referenced defendant officers under California state law.

91. As a direct and proximate result of the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, Plaintiff was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, bail costs and other associated costs and expenses; all in an amount to be proven at trial in excess of $3,000,000.00.

92. The actions by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save Defendant CITY, in an amount to be proven at trial in excess of $2,000,000.00.

93. Said Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, are liable to Plaintiff for said battery on him, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common law.

### SEVENTH CAUSE OF ACTION
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(By Plaintiffs, as successors in interest to BERNARDO, Against all Defendants)**

FIRST AMENDED COMPLAINT FOR DAMAGES

94. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 93, inclusive, above, as if set forth in full herein.

95.    The actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiff of the rights secured to him by the Constitution and laws of the United States, and of the rights secured to him by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

96. Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, are liable to plaintiff for said violations of his constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

97.    As a direct and proximate result of the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, in excess of $3,000,000.00.

98.    The actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously,

FIRST AMENDED COMPLAINT FOR DAMAGES

21

oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, in an amount to be proven at trial, in excess of $2,000,000.00.

99. In addition, as a result of the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiff is entitled to an award of treble compensatory damages and attorney fees against all defendants, and each of them.

## EIGHTH CAUSE OF ACTION
### Negligence
### Under California State Law
### (By Plaintiffs, as successors in interest to BERNARDO, Against all Defendants)

100. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 99, inclusive, above, as if set forth in full herein.

101.   The actions committed by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein and as described above, also constituted a breach of defendants' duty to use due care toward Plaintiff.

102.   As a direct and proximate result of the actions committed by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and

FIRST AMENDED COMPLAINT FOR DAMAGES

22

expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $3,000,000.00.

**NINTH CAUSE OF ACTION**
**Negligent Infliction Of Emotional Distress**
**Under California State Law**
**(By all Plaintiffs, as Against all Defendants)**

103.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 102, inclusive, above, as if set forth in full herein.

104.   As shown above, Plaintiffs J.J.B. II and J.J.B. III each had a sensory awareness and/or observed that their father, BERNARDO, was being tased and beaten and arrested by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive.

105.   Accordingly, the actions committed by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, constituted breach of defendants' duty to use due care toward Plaintiffs under California State Law; said breach of duty resulting in the infliction of great emotional distress to Plaintiffs J.J.B. II and J.J.B. III.

106.   As a direct and proximate result of the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, Plaintiffs: 1) were substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, and 3) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $3,000,000.00.

FIRST AMENDED COMPLAINT FOR DAMAGES

23

**WHEREFORE**, Plaintiff prays for judgment as follows:

a)  For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

b)  For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $2,000,000.00;

c) Treble damages;

d) For an award of reasonable attorney's fees and costs;

e) For a trial by jury; and

f) For such other and further relief as this honorable court deems just and equitable.


                _/s/ Gregory Peacock_
                GREGORY PEACOCK

EXHIBIT "B"



| | |
|---|---|
| 1 | **LAW OFFICE OF JERRY L. STEERING** |
| 2 | Jerry L. Steering, Esq. (SBN 122509) |
| | 4063 Birch Street |
| 3 | Suite 100 |
| 4 | Newport Beach, CA 92660 |
| | Telephone: (949) 474-1849 |
| 5 | Facsimile: (949) 474-1883 |
| 6 | Email: jerrysteering@yahoo.com |
| 7 | **LAW OFFICE OF GREGORY PEACOCK** |
| 8 | Gregory Peacock, ESQ. (SBN. 277669) |
| | 4063 Birch Street |
| 9 | Suite 100 |
| 10 | Newport Beach, CA 92660 |
| | Telephone: (949) 292-7478 |
| 11 | Email: gregorypeacockesq@gmail.com |

Attorneys for Plaintiffs ~~Joseph Bernardo, individually and~~ Jessica Garcia as guardian ad litem for minors J.J.B. II, J.J.B. III and J.M.B., as successors in interest to Decedent Joseph Bernardo

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ~~JOSEPH BERNARDO, and~~ JESSICA GARCIA as guardian ad litem for Minors J.J.B. II, ~~and~~ J.J.B. III and J.M.B., as successors in interest to Decedent Joseph Bernardo ~~and~~, | Case No.: 2:24-cv-09493-SRM-MAA |
| | FIRST AMENDED COMPLAINT FOR DAMAGES FOR: |
| Plaintiffs, | |
| vs. | 1. Violation of Fourth Amendment Rights – Excessive Force; |
| CITY OF Guadalupe; ANDREW BREDA; FRANK MEDINA; CHRISTOPHER OROZCO; and DOES 1 through 10, inclusive, | 2. Violation of Fourth / Fourteenth Amendment – Malicious Prosecution; |
| Defendants. | 3. Violation of Fourth / Fourteenth Amendment – Deliberate Fabrication of Evidence; |
| | 4. Municipal Liability – Failure to |

**Formatted:** Font: 14 pt

FIRST AMENDED COMPLAINT FOR DAMAGES

1

Train and/or Discipline;

5. Municipal Liability – Unconstitutional Custom/Practice and/or Policy;

6. Battery (California Law);

7. Violation of Civil Code § 52.1 (California Law);

8. Negligence (California Law);

9. Negligent Infliction of Emotional Distress (California Law).

**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiffs ~~Joseph Bernardo, and~~ Jessica Garcia as guardian ad litem for minors J.J.B. II, J.J.B. III <u>and J.M.B., as successors in interest to Decedent Joseph Bernardo,</u> and shows this honorable court the following:

**JURISDICTIONAL ALLEGATIONS**

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Santa Barbara, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3. As Plaintiffs' claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts

<u>FIRST AMENDED</u> COMPLAINT FOR DAMAGES
2

[Formatted: Indent: First line: 1", Line spacing: Double]

1    as the Plaintiffs' federal question claims, this court has jurisdiction over the

2    Plaintiffs' California State law claims under its supplemental jurisdiction under 28

3    U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

4

5        4. Plaintiffs complied with the California Tort Claim Act. Plaintiffs timely

6    submitted their claims for damages to the City of Guadalupe. Plaintiffs then timely

7    filed this lawsuit after the City of Guadalupe denied Plaintiffs' claim.

8

9        **<u>GENERAL ALLEGATIONS</u>**

10       5. ~~Plaintiff~~ Joseph Bernardo, hereinafter referred to as "BERNARDO" ~~or~~

11   ~~"Plaintiff BERNARDO"~~, ~~is~~ was a natural person, who, at all times complained of

12   in this action, resided in the County of Santa Barbara, State of California.

13   BERNARDO is legal and natural father of Plaintiffs J.J.B. II~~, and~~ J.J.B. III and

14

15   J.M.B.

16

17       6.    BERNARDO died intestate on April 26, 2025.

18       7~~6~~. Jessica Garcia is the natural and legal mother of minor Plaintiffs J.J.B. II,

19   ~~and~~ J.J.B. III and J.M.B. Jessica Garcia appears in this action as the proposed

20   guardian ad litem for Plaintiffs J.J.B. II~~, and~~ J.J.B. III and J.M.B.

21

22       7~~8~~. Plaintiff J.J.B. II is a natural person, who, at all times complained of

23   this action, resided in the County of Santa Barbara, State of California. J.J.B. II is a

24   minor. J.J.B. II is the natural and legal son of ~~Plaintiff~~ BERNARDO.

25

26

27

28

    FIRST AMENDED COMPLAINT FOR DAMAGES

3

89. Plaintiff J.J.B. III is a natural person, who, at all times complained of in this action, resided in the County of Santa Barbara, State of California. J.J.B. III is a minor. J.J.B. III is the natural and legal son of Plaintiff BERNARDO.

10.    Plaintiff J.M.B. is a natural person, who, at all times complained of in this action, resided in the County of Santa Barbara, State of California. J.M.B. is a minor. J.M.B. is the natural and legal son of BERNARDO.

911. Defendant City of Guadelupe, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

1012. Defendant Andrew Breda, hereinafter also referred to as "BREDA", is, and at all times complained of herein, was, a peace officer employed by the Guadelupe Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

1113. Defendant Frank Medina, hereinafter also referred to as "MEDINA", is, and at all times complained of herein, was, a peace officer employed by the Guadelupe Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

1214. Defendant Christopher Orozco, hereinafter also referred to as "OROZCO", is, and at all times complained of herein, was, a peace officer

employed by the Guadelupe Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

13~~15~~. Defendants DOES 1 through 6, inclusive, are sworn peace officers and/or police officers and/or investigators and/or Special Officers and/or dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Guadalupe Police Department, who in some way committed some or all of the tortious actions (and unconstitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complaint of in this action, whose identities are, and remain, unknown to plaintiffs, who will amend their complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiffs.

14~~16~~. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Guadalupe Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

FIRST AMENDED COMPLAINT FOR DAMAGES
5

1515. Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or police making and/or final police making officials, employed by Guadelupe Police Department and/or defendant City of Guadelupe, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Guadelupe Police Department for, *inter alia*,: 1) for using excessive force upon persons; 2) fabricating evidence; 3) covering up tortious conduct by Guadelupe Police Department peace officers.

1618. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Guadelupe Police Department, and/or some other public official(s) with defendant CITY, and were

FIRST AMENDED COMPLAINT FOR DAMAGES
6

1  acting in the course of and within the scope of their employment with defendant

2  CITY.

3

4      1719. At all times complained of herein, defendants DOES 7 though 10,

5  inclusive, were acting as individual persons under the color of state law; under and

6  pursuant to their status and authority as peace officers and/or Supervisory peace

7  officers (as described herein, above and below), and/or policy making peace

8  officers, with the Guadelupe Police Department and/or otherwise with defendant

9  CITY[1].

10

11     1820. Plaintiffs are presently unaware of the identities of DOES 1 through

12  10, inclusive, and will amend their complaint to add and to show the actual names

13  of said DOE defendants, when made known to plaintiffs.

14

15     1921. In addition to the above and foregoing, Defendants BREDA,

16  MEDINA, OROZCO and DOES 1 through 6, inclusive, acted pursuant to a

17  conspiracy, agreement and understanding and common plan and scheme to deprive

18  the plaintiffs of their federal Constitutional and statutory rights, and California

19  constitutional and statutory state law rights, as complained of in this action.

20     2022. Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6,

21  inclusive, acted in joint and concerted action to so deprive the plaintiffs of those

22  rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise

23

24

25

26

27

28

_____

[1] Such as a City executive officer.

FIRST AMENDED COMPLAINT FOR DAMAGES

7

1    in violation of United States (Constitutional and statutory) law and California

2    (Constitutional and statutory) state law.

3        ~~21~~23. Said conspiracy / agreement / understanding / plan / scheme / joint

4    action / concerted action, above-referenced, was a proximate cause of the violation

5    of the plaintiff's federal and state constitutional and statutory rights, as complained

6    of herein.

7

8

9                                    **FIRST CAUSE OF ACTION**
                                   **VIOLATION OF 42 U.S.C. § 1983**
10                              **Violation of Fourth Amendment Rights –**
                            **Excessive/Unreasonable Use of Force on Person**
11    **(By** ~~BERNARDO~~**Plaintiffs, as successors in interest to BERNARDO, Against**
       **Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive)**
12

13        ~~22~~24. Plaintiffs hereby reallege and incorporate by reference the allegations

14   set forth in paragraphs 1 through ~~21~~23, inclusive, above, as if set forth in full

15   herein.

16        ~~23~~25. During the evening of September 26, 2023, Plaintiff BERNARDO

17   was driving in the City of Guadalupe with his two sons J.J.B II and J.J.B. III.

18        ~~24~~26. Plaintiff BERNARDO was pulled over by Defendants MEDINA,

19   BREDA and DOES 1 through 6, inclusive, for allegedly having a broken headlight.

20        ~~25~~27. BERNARDO pulled his vehicle over.

21        ~~26~~28. Not long after BERNARDO pulled over, Defendant OROZCO also

22   arrived on scene.

23

24

25

26

27

28

                              ~~FIRST AMENDED~~ COMPLAINT FOR DAMAGES
                                                    8

2729. Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, approached BERNARDO's vehicle and ordered him out of his vehicle. BERNARDO then exited his vehicle.

2830. Defendant BREDA had his taser pointed at BERNARDO as BERNARDO exited his vehicle.

2931. BERNARDO took one step out of his vehicle and put his hands up.

3032. The defendant officers ordered BERNARDO to turn around to face the vehicle.

3133. BERNARDO immediately began to comply by turning his body towards his vehicle.

3234. As BERNARDO was turning towards his vehicle, Defendant BREDA deployed his taser, striking Plaintiff BERNARDO. BREDA then deployed his taser a second time, striking BERNARDO again.

3335. BERNARDO then went down to the ground.

3436. While BERNARDO was on the ground, Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, further brutalized BERNARDO by striking BERNARDO and pushing him into the asphalt.

3537. BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, then placed BERNARDO in the back of a patrol vehicle. BERNARDO was then taken to the hospital and placed under arrest.

FIRST AMENDED COMPLAINT FOR DAMAGES

9

36<del>38</del>. Plaintiff BERNARDO's sons, J.J.B. II and J.J.B. III were in BERNARDO's vehicle during the incident.

37<del>39</del>. J.J.B. II and J.J.B. III witnessed and heard the arrest of their father and the unreasonable use of force used by J.J.B. II and J.J.B. III.

38<del>40</del>. Witnessing the unreasonable use of force used upon their father, caused extreme emotional distress to Plaintiffs J.J.B. II and J.J.B. III.

39<del>41</del>. After the incident, Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, authored and assisted in authoring police reports regarding the arrest of BERNARDO.

40<del>42</del>. The reports authored by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, contain several intentional misrepresentations.

41<del>43</del>. For example, the reports allege that BERNARDO "exited the vehicle in a quick & aggressive manner. Bernardo assumed an aggressive combative like stance while facing Officer Orozco and I. Bernardo was now standing approximately three feet from us. It should be noted Bernardo had a large muscular build compared to my diaphragm as he stood in an aggressive stance directly in front of me."

42<del>44</del>. The incident complained of is captured on video. The video shows that BERNARDO did not exit his vehicle in a quick or aggressive manner.

43<del>45</del>. The video shows that Bernardo did not take an aggressive or combative like stance.

FIRST AMENDED COMPLAINT FOR DAMAGES
10

44~~44~~46. The reports go on to allege that "Bernardo did not comply with my repeated commands to face away from us."

45~~45~~47. The video shows that BERNARDO immediately began to turn around after he was ordered to turn around.

46~~46~~48.  The reports go on to allege that "While on the ground, Bernardo balled his fists and actively tensed his arms grabbing onto Officer OROZCO's handcuffs. Bernardo was again actively resisting arrest and not allowing us to control his hands/arms. While we all were struggling with Bernardo, he exerted an unusual level of strength, and he was able to rise to his knees while we held onto him. After several minutes of Bernardo actively resisting & exerting himself, he was subsequently placed into handcuffs with the assistance of Officer Orozco, Sgt. Medina and I."

47~~47~~49. This statement also misrepresents what occurred during the incident. BERNARDO was not resisting officers efforts to place him in handcuffs.

48~~48~~50. Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, authored and assisted in the authoring of the bogus police reports in an effort to induce the Santa Barbara County District Attorney's Office to prosecute BERNARDO.

49~~49~~51. The material misrepresentations by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, made to the district attorney's office, including claiming that BERNARDO was combative, resisted and delayed

FIRST AMENDED COMPLAINT FOR DAMAGES

11

1  Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, were

2  all not true.

3

4      ~~50~~52. Relying upon the misrepresentations of Defendants BREDA,

5  MEDINA, OROZCO and DOES 1 through 6, inclusive, the district attorney's

6  office prosecuted BERNARDO for allegedly violating Penal Code § 148(a)(1).

7

8      ~~51~~53. Once the prosecutors viewed the video of what occurred, the Santa

9  Barbara County District Attorney's Office dismissed the criminal action against

10  BERNARDO.

11

12      ~~52~~54. As mentioned above and in addition to the above and foregoing, when

13  BERNARDO was physically harmed by Defendants BREDA, MEDINA,

14  OROZCO and DOES 1 through 6, inclusive. Specifically, when Defendants

15  BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, tased

16  BERNARDO and brutalized BERNARDO while taking him down to the ground

17  and handcuffed BERNARDO.

18

19

20      ~~53~~55. The actions of Defendants BREDA, MEDINA, OROZCO and DOES

21  1 through 6, inclusive, as complained above herein, constituted a violation of

22  BERNARDO's rights under the Fourth Amendment to the United States

23  Constitution to be free from the use of unlawful and unreasonable and excessive

24

25  force upon his person.

26      ~~54~~56. As a direct and proximate result of the actions of Defendants BREDA,

27

28  MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein,

FIRST AMENDED COMPLAINT FOR DAMAGES

12

1  BERNARDO: 1) was substantially physically, mentally and emotionally injured;

2  2) incurred medical and psychological costs, bills and expenses and 3) incurred

3
4  other special and general damages and expenses in an amount to be proven at trial

5  which is in excess of $3,000,000.00.

6       ~~55~~57. The actions by said defendants were committed maliciously,

7
8  oppressively and in reckless disregard of BERNARDO's constitutional rights,

9  sufficient for an award of punitive / exemplary damages against all defendants and

10
11  each of them, save for Defendant CITY, in an amount to be proven at trial which is

12  in excess of $2,000,000.00.

13              **SECOND CAUSE OF ACTION**
14              **MALICIOUS PROSECUTION**
               **VIOLATION OF 42 U.S.C. § 1983**
15          **Violation of Fourth and Fourteenth Amendment Right**
16  **(By ~~BERNARDO~~Plaintiffs, as successors in interest to BERNARDO, Against**
17  **Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive)**

18       ~~56~~58. Plaintiffs hereby reallege and incorporate by reference the allegations

19  set forth in paragraphs 1 through ~~55~~57, inclusive, above, as if set forth in full
20
21  herein.

22       ~~57~~59. As shown above, Defendants BREDA, MEDINA, OROZCO and

23  DOES 1 through 6, inclusive, used excessive force upon BERNARDO and
24
25  intentionally included false information in their reports to induce the Santa Barbara

26  County District Attorney's Office to prosecute BERNARDO.

27
28
                   FIRST AMENDED COMPLAINT FOR DAMAGES
                              13

58~~60~~. Also as shown above, Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, knew that plaintiff BERNARDO had not committed a violation of Penal Code § 148(a)(1), and, nonetheless, authored bogus police reports and accused plaintiff BERNARDO of various acts in an effort to justify their unlawful conduct.

59~~61~~. Said police reports authored by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, also contained material misrepresentations of facts, including claiming that BERNARDO was combative, resisted and delayed Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, all of which was not true, upon which the Santa Barbara County District Attorney's Office relied, in large part, in deciding to file and to maintain the criminal prosecution of plaintiff BERNARDO.

60~~62~~. Moreover, said criminal action against BERNARDO was dismissed by the Santa Barbara County District Attorney's Office.

61~~63~~. Moreover, said criminal action was procured by said defendants with malice.

62~~64~~. Moreover, as California does not provide for any remedy for an aggrieved malicious prosecution victim to sue a public employee for the filing and/or procurement of a bogus criminal action, pursuant to *Parratt v. Taylor*, 451 U.S. 527 (1981), the actions of said defendants constituted a violation of the Fourth, Ninth, and Fourteenth Amendments to the United States Constitution.

FIRST AMENDED COMPLAINT FOR DAMAGES
14

6365. As a direct and proximate result of the actions Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, BERNARDO: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

6466. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of BERNARDO's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

**THIRD CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourteenth Amendment Rights –**
**Deliberate Fabrication of Evidence**
**(By ~~BERNARDO~~Plaintiffs, as successors in interest to BERNARDO, Against Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive)**

6567. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 6466, inclusive, above, as if set forth in full herein.

6668. Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, deliberately fabricated evidence that was used to criminally charge and prosecute BERNARDO.

FIRST AMENDED COMPLAINT FOR DAMAGES
15

67~~69~~. The reports authored by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, are littered with intentional material misrepresentations. These misrepresentations include stating, ".

68~~70~~. These reports were ultimately submitted to the Santa Barbara County District Attorney's Office and relied upon during the prosecution of BERNARDO.

69~~71~~. Defendants alleged in their reports that BERNARDO was combative, resisted, and delayed Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive. All of which were not true and defendants knew these statements were not true.

70~~72~~. Defendants knew that they were misrepresenting the facts of this incident and were deliberately indifferent to the fact that their misrepresentations were relied upon during the prosecution of BERNARDO.

71~~73~~. The actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of BERNARDO's rights under the Fourteenth Amendment to the United States Constitution.

72~~74~~. As a direct and proximate result of the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, BERNARDO: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred

1   other special and general damages and expenses in an amount to be proven at trial

2   which is in excess of $3,000,000.00.

3

4        ~~73~~75. The actions by said defendants were committed maliciously,

5   oppressively and in reckless disregard of BERNARDO's constitutional rights,

6   sufficient for an award of punitive / exemplary damages against all defendants and

7   each of them, save for Defendant CITY, in an amount to be proven at trial which is

8   in excess of $2,000,000.00.

9

10  ~~///~~

11  ~~///~~

12  ~~///~~

13

14

15            **FOURTH CAUSE OF ACTION**
              **VIOLATION OF 42 U.S.C. § 1983**
16   **FEDERAL CLAIM FOR FAILURE TO PROPERLY TRAIN AND FOR**
             **FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE**
17   **(By ~~BERNARDO~~Plaintiffs, as successors in interest to BERNARDO, Against**
                              **CITY)**
18

19       ~~74~~76. Plaintiffs hereby reallege and incorporate by reference the allegations

20  set forth in paragraphs 1 through ~~73~~75, inclusive, above, as if set forth in full

21  herein.

22

23       ~~75~~77. As complained of herein above, the acts of Defendants BREDA,

24  MEDINA, OROZCO and DOES 1 through 6, inclusive, deprived BERNARDO of

25  his rights under the laws of the United States and The United States Constitution.

26

27       ~~76~~78. The training policies of CITY were not adequate to train its peace

28  officer employees to properly and lawfully handle situations similar to the one they

                       FIRST AMENDED COMPLAINT FOR DAMAGES
                                    17

were presented with when they confronted BERNARDO, including knowing what conduct rises to the level of a violation of Penal Code § 148(a)(1); and when reasonable force may be used against a person.

~~77~~79. CITY was deliberately indifferent to the obvious consequences of its failure to train its peace officer employees adequately.

~~78~~80. The failure of CITY to provide adequate training caused the deprivation of Plaintiff's rights by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive.

~~79~~81. CITY's failure to train is closely related to the deprivation of Plaintiff's rights as to be the moving force that ultimately caused Plaintiff BERNARDO's injuries.

~~80~~82. As a direct and proximate result of the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, BERNARDO: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

**FIFTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On Official Policy, Practice, or Custom**
**(By ~~BERNARDO~~Plaintiffs, as successors in interest to BERNARDO, Against CITY)**

FIRST AMENDED COMPLAINT FOR DAMAGES
18

81~~83~~. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 though 80~~82~~, inclusive, above, as if set forth in full herein.

82~~84~~. As shown above, the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, deprived BERNARDO of his particular rights under the United States Constitution, as described above.

83~~85~~. At all times complained of herein, Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages, and practices of the Guadelupe Police Department / Defendant CITY: 1) using excessive force; 2) maliciously prosecuting persons; and 3) for covering up unlawful and tortious conduct by Guadelupe Police Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

84~~86~~. Said actions of said defendants were done by them under the color of state law.

85~~87~~. As a proximate result of said defendants acting pursuant to said policies, customs, usages, and practices of defendant CITY, above-described, said defendants committed said actions complained of above.

86~~88~~. As a direct and proximate result of the actions of Defendants, as complained of herein, BERNARDO: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and

FIRST AMENDED COMPLAINT FOR DAMAGES
19

expenses and 3) incurred other special and general damages and expenses in an

amount to be proven at trial which is in excess of $3,000,000.00.

## SIXTH CAUSE OF ACTION
**Battery**
**Under California State Law**
**(By ~~BERNARDO~~Plaintiffs, as successors in interest to BERNARDO, Against all Defendants)**

~~87~~89. Plaintiffs hereby reallege and incorporate by reference the allegations

set forth in paragraphs 1 through ~~86~~88, inclusive, above, as if set forth in full

herein.

~~88~~90. The actions committed by Defendants BREDA, MEDINA, OROZCO

and DOES 1 through 6, inclusive, constituted the unjustified, non-consensual, use

of unlawful force and violence upon Plaintiff BERNARDO, and, therefore,

constituted a battery of him by said above-referenced defendant officers under

California state law.

~~89~~91. As a direct and proximate result of the actions of Defendants BREDA,

MEDINA, OROZCO and DOES 1 through 6, inclusive, Plaintiff was: 1)

substantially physically, mentally and emotionally injured, and suffered great

physical, mental and emotional pain and suffering; 2) incurred medical and

psychological costs, bills and expenses and 3) incurred other special and general

damages, including attorney's fees, bail costs and other associated costs and

expenses; all in an amount to be proven at trial in excess of $3,000,000.00.

9092. The actions by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save Defendant CITY, in an amount to be proven at trial in excess of $2,000,000.00.

9193. Said Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, are liable to Plaintiff for said battery on him, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common law.

**SEVENTH CAUSE OF ACTION**
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(By ~~BERNARDO~~Plaintiffs, as successors in interest to BERNARDO, Against all Defendants)**

9294. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 9193, inclusive, above, as if set forth in full herein.

9395. The actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiff of the rights secured to him by the Constitution and laws of the United States, and of the rights secured to him by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

9496. Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, are liable to plaintiff for said violations of his constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

9597. As a direct and proximate result of the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, in excess of $3,000,000.00.

9698. The actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, in an amount to be proven at trial, in excess of $2,000,000.00.

9799. In addition, as a result of the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiff is

FIRST AMENDED COMPLAINT FOR DAMAGES
22

1  entitled to an award of treble compensatory damages and attorney fees against all

2  defendants, and each of them.

3

4                      **EIGHTH CAUSE OF ACTION**

5                              **Negligence**
                        **Under California State Law**
6  **(By ~~BERNARDO~~Plaintiffs, as successors in interest to BERNARDO, Against
                            all Defendants)**

7

8      ~~98~~100. Plaintiffs hereby reallege and incorporate by reference the allegations

9  set forth in paragraphs 1 through ~~97~~99, inclusive, above, as if set forth in full

10 herein.

11

12     ~~99~~101.   The actions committed by Defendants BREDA, MEDINA,

13 OROZCO and DOES 1 through 6, inclusive, as complained of herein and as

14 described above, also constituted a breach of defendants' duty to use due care

15 toward Plaintiff.

16

17     ~~100~~102.   As a direct and proximate result of the actions committed by

18 Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as

19 complained of herein, Plaintiff: 1) was substantially physically, mentally and

20 emotionally injured; 2) incurred medical and psychological costs, bills and

21 expenses and 3) incurred other special and general damages and expenses in an

22 amount to be proven at trial, which is in excess of $3,000,000.00.

23

24

25

26                      **NINTH CAUSE OF ACTION**
                 **Negligent Infliction Of Emotional Distress**
27                      **Under California State Law**
                  **(By all Plaintiffs, as Against all Defendants)**
28
                    FIRST AMENDED COMPLAINT FOR DAMAGES
                                    23

101103.  Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 100102, inclusive, above, as if set forth in full herein.

102104.  As shown above, Plaintiffs J.J.B. II and J.J.B. III each had a sensory awareness and/or observed that their father, BERNARDO, was being tased and beaten and arrested by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive.

103105.  Accordingly, the actions committed by Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, constituted breach of defendants' duty to use due care toward Plaintiffs under California State Law; said breach of duty resulting in the infliction of great emotional distress to Plaintiffs J.J.B. II and J.J.B. III.

104106.  As a direct and proximate result of the actions of Defendants BREDA, MEDINA, OROZCO and DOES 1 through 6, inclusive, as complained of herein, Plaintiffs: 1) were substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, and 3) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $3,000,000.00.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a)  For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

1    b)  For a judgment against all defendants, save defendant CITY, for punitive

2  damages in an amount in excess of $2,000,000.00;

3    c) Treble damages;

4    d) For an award of reasonable attorney's fees and costs;

5    e) For a trial by jury; and

6

7    f) For such other and further relief as this honorable court deems just and

8

9  equitable.

10

11                  _/s/ Gregory Peacock_
12                  GREGORY PEACOCK

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES
25

EXHIBIT "C"

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# SANTA BARBARA COUNTY
## SANTA BARBARA, CALIFORNIA
### CERTIFICATE OF DEATH
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11 (REV 7/24)

STATE FILE NUMBER: 3052025097644
LOCAL REGISTRATION NUMBER: 3202542001172

**DECEDENT'S PERSONAL DATA**

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| JOSEPH | JAMES | BERNARDO, JR |

AKA, ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST)

| 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs | IF UNDER ONE YEAR — Months / Days | IF UNDER ONE HOUR — Hours / Minutes | 6. SEX |
|---|---|---|---|---|
| 11/12/1986 | 38 | | | M |

| 7. BIRTH STATE/FOREIGN COUNTRY | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? | 12. MARITAL STATUS/SRDP* (at Time of Death) | 8. DATE OF DEATH mm/dd/ccyy | 8. HOUR (24 Hours) |
|---|---|---|---|---|---|
| CA | | YES / [X] NO / UNK | NEVER MARRIED | 04/26/2025 | 1951 |

| 13. EDUCATION – Highest Level/Degree (see worksheet on back) | 14/15. WAS DECEDENT HISPANIC/LATINO/A/SPANISH? (If yes, see worksheet on back) | 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) |
|---|---|---|
| HS GRADUATE | [X] YES MEXICAN / NO | MEXICAN AMERICAN, FILIPINO |

| 17. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | 19. YEARS IN OCCUPATION |
|---|---|---|
| HOMEMAKER | OWN HOME | 6 |

**USUAL RESIDENCE**

| 20. DECEDENT'S RESIDENCE (Street and number, or location) |
|---|
| 4436 MARITIME DRIVE |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| SANTA MARIA | SANTA BARBARA | 93455 | 38 | CA |

**INFORMANT**

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip) |
|---|---|
| ANGELA ROSA MARIA GALINDO, MOTHER | 4436 MARITIME DRIVE, SANTA MARIA, CA 93455 |

**SPOUSE/SRDP AND PARENT INFORMATION**

| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME) |
|---|---|---|
| | | |

| 31. NAME OF PARENT—FIRST | 32. MIDDLE | 33. LAST (BIRTH NAME) | 34. BIRTH STATE |
|---|---|---|---|
| JOSEPH | JAMES | BERNARDO, SR | CA |

| 35. NAME OF PARENT—FIRST | 36. MIDDLE | 37. LAST (BIRTH NAME) | 38. BIRTH STATE |
|---|---|---|---|
| ANGELA | ROSA MARIA | PADILLA | CA |

**FUNERAL DIRECTOR/ LOCAL REGISTRAR**

| 39. DISPOSITION DATE mm/dd/ccyy | 40. PLACE OF FINAL DISPOSITION |
|---|---|
| 05/05/2025 | GUADALUPE CEMETERY 4655 W. MAIN STREET, GUADALUPE, CA 93434 |

| 41. TYPE OF DISPOSITION(S) | 42. SIGNATURE OF EMBALMER | 43. LICENSE NUMBER |
|---|---|---|
| BURIAL | | EMB9269 |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
|---|---|---|---|
| LORI FAMILY MORTUARY | FD2035 | | 05/05/2025 |

**PLACE OF DEATH**

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|---|
| RESIDENCE | | |

| 104. COUNTY | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) | 106. CITY |
|---|---|---|
| SANTA BARBARA | 4436 MARITIME DRIVE | SANTA MARIA |

**CAUSE OF DEATH**

| 107. CAUSE OF DEATH | | 108. DEATH REPORTED TO CORONER? [X] YES |
|---|---|---|
| IMMEDIATE CAUSE: ACUTE METHAMPHETAMINE INTOXICATION | | 109. BIOPSY PERFORMED? [X] |
| | | 110. AUTOPSY PERFORMED? [X] |
| | | 111. USED IN DETERMINING CAUSE? YES / NO |

110. APPROXIMATE INTERVAL: ONSET TO DEATH — SECS 25-4125

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| STAGE II HEART FAILURE, MEDICAL NON-COMPLIANCE |

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? If yes, list type of operation and date. | 113A. DECEDENT PREGNANT IN LAST YEAR? YES / [X] NO / UNK |
|---|---|

**PHYSICIAN'S CERTIFICATION**

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE FROM THE CAUSE(S) STATED | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|
| | | |

118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE

**CORONER'S USE ONLY**

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED | 120. INJURED AT WORK? YES / [X] NO | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hours) |
|---|---|---|---|
| MANNER OF DEATH: Natural / Accident / Homicide / Suicide / Pending Investigation / Could not be determined | | 04/26/2025 | 1951 |

| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) |
|---|
| HOME |

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|
| DECEDENT OVERDOSED ON METHAMPHETAMINE. |

| 125. LOCATION OF INJURY (Street and number, or location, and city and zip) |
|---|
| RESIDENCE 4436 MARITIME DRIVE, SANTA MARIA, CA 93455 |

| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|
| | 05/02/2025 | CHAD W BIEDINGER, DEP CORONER |

| STATE REGISTRAR | A | B | C | D | | FAX AUTH# | CENSUS TRACT |
|---|---|---|---|---|---|---|---|

NOT A VALID DOCUMENT NON-INFORMATION TO ESTABLISH IDENTITY

## CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA } SS
COUNTY OF SANTA BARBARA

DATE ISSUED: JUN 18 2025

000 554685

*Joseph E. Holland*

JOSEPH E. HOLLAND
COUNTY CLERK, RECORDER and ASSESSOR
SANTA BARBARA, California

This is a true and exact reproduction of the document officially registered and placed on file in the office of the SANTA BARBARA COUNTY CLERK, RECORDER and ASSESSOR.

This copy not valid unless prepared on engraved border displaying seal and signature of County Clerk, Recorder and Assessor.

PRINCO (Rev) 8317

