**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email: jerrysteering@yahoo.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiffs Joseph Bernardo, individually and as guardian ad litem for minors J.J.B. II, J.J.B. III

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH BERNARDO, and JESSICA GARCIA as guardian ad litem for Minors J.J.B. II and J.J.B. III,<br><br>  Plaintiffs,<br><br>vs.<br><br>CITY OF Guadalupe; ANDREW BREDA; FRANK MEDINA; CHRISTOPHER OROZCO; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. 2:24-cv-09493-SRM-MAA<br><br>**DECLARTION OF GREGORY PEACOCK IN SUPPORT OF STIPULATION FOR APPROVAL OF COMPROMISE MINOR'S CLAIMS**<br><br>**UNITED STATES DISTRICT JUDGE SERENA R. MURILLO** |

**DECLARTION OF GREGORY PEACOCK IN SUPPORT OF SECOND STIPULATION FOR APPROVAL OF COMPROMISE MINOR'S CLAIMS**

1

I, Gregory Peacock, do hereby declare that the facts set forth herein are based upon my personal knowledge and on information and belief, and if called upon to testify, I could do so competently:

1) I am counsel of record for the Plaintiffs in this action.

2) Jessica Garcia is the guardian ad litem for her natural and legal children, minors J.J.B. II., J.J.B. III., and J.M.B.

3) All of the minors are represented by Gregory Peacock, Law Office of Gregory Peacock and Jerry L. Steering, Law Office of Jerry L. Steering.

4) This application is based on the ground that the parties to this action have reached a global settlement of all claims by all of the minors against all defendants; said settlement being dependent on the approval by this Honorable Court of the settlement of the claims of minors J.J.B. II., J.J.B. III. and J.M.B.

5) Plaintiffs brought five claims in this action:

    a) Claim for violation of Fourth Amendment – Excessive Force;
    b) Claim for violation of Fourth / Fourteenth Amendment rights – Malicious Prosecution;
    c) Claim for violation of Fourth / Fourteenth Amendment rights – Deliberate Fabrication of Evidence;
    d) Claim for Municipal Liability – Failure to Train and/or Discipline;
    e) Municipal Liability – Unconstitutional Custom/Practice and/or Policy;
    f) Battery;
    g) Violation of Civil Code sec. 52.1;
    h) Negligence;
    i) Negligent Infliction of Emotional Distress.

6) These claims arise out of a September 26, 2023 incident in the City of Guadalupe, County of Santa Barbara, in which Plaintiff Joseph Bernardo was driving with his minor sons J.J.B. II and J.J.B. III when he was pulled over by Defendant Officers Breda and Medina for an allegedly broken headlight. Defendant Officer

**DECLARTION OF GREGORY PEACOCK IN SUPPORT OF SECOND STIPULATION FOR APPROVAL OF COMPROMISE MINOR'S CLAIMS**

Orozco subsequently arrived on scene. The defendant officers ordered Bernardo out of his vehicle. As Bernardo exited and immediately began complying with officers' commands to turn and face his vehicle, Defendant Breda deployed his taser and struck Bernardo, and then deployed his taser a second time. Bernardo went to the ground. Bernardo was then transported to the hospital and placed under arrest. Bernardo has not future treatment following his initial hospital visit. Additionally,

## COMPARABLE CASES

7) The global settlement of $300,000 and net recovery of $73,141.00 to each of the three minor Plaintiffs is fair and reasonable in light of their individual claims and in comparison with recoveries in similar cases. The following comparable cases support the reasonableness of this settlement:

8) *Oschmann v. County of Orange*; Case Number 94-cv-03474-ER-CT. This case involved a Fourth Amendment excessive force claim in which a stun gun was used upon the Plaintiff. The case settled for $30,000.

9) *Risk v. Cathedral City*; Case Number 04-cv-04006-SGL. This case involved a Fourth Amendment excessive force claim in which a stun gun was used upon the Plaintiff. The case settled for $125,000.

10) *Munoz v. County of Orange*; Case Number 05-cv-01179-JVS-AN. This case involved an excessive force claim in which a stun gun was used upon the Plaintiff. The case went to trial and resulted in a Plaintiff's verdict on Plaintiff's state

DECLARTION OF GREGORY PEACOCK IN SUPPORT OF SECOND
STIPULATION FOR APPROVAL OF COMPROMISE MINOR'S CLAIMS

3

law Battery claim and a defense verdict on Plaintiff's Fourth Amendment Excessive Force claim. The jury awarded the Plaintiff $40,000 in damages.

11) *Torrance v. County of Orange*; Case Number 09-cv-00425-AG-MLG. This case involved a Fourth Amendment excessive force claim in which Orange County Sheriff's Deputies went into the wrong residence and shot Plaintiff with a taser while he was lying in bed. The case settled for $380,000.

12) *Andrews v. County of Orange*; Case Number 20-cv-00925-JGB-ADS. This case involved a Fourth Amendment excessive force claim in which Orange County Sheriff's Deputies detained Plaintiff and verbally engaged with Plaintiff Andrews. Once the deputies released Plaintiff and left the scene, Plaintiff called "911" to report that he had been unlawfully detained by the deputies. In retaliation against Plaintiff calling 911 and protesting the deputies' conduct, the defendant deputies shot Plaintiff with a taser and arrested him. The case settled for $500,000.

13) *McAdams v. City of Newport Beach*; Case Number: 19-cv-00615-FMO-KES. This case involved a Fourth Amendment excessive force claim in which Plaintiff was stopped by Newport Beach Police Department officers for a traffic infraction. Similarly to this case, when Plaintiff exited his vehicle, he was shot by the officers with a taser. The case settled for $75,000.

14) *Gillespie v. County of Orange*; Case Number: 21-cv-00698-SSS-DFM.

**DECLARTION OF GREGORY PEACOCK IN SUPPORT OF SECOND STIPULATION FOR APPROVAL OF COMPROMISE MINOR'S CLAIMS**

4

This case involved a Fourth Amendment excessive force claim in which Plaintiff was stopped by Orange County Sheriff's Department deputies for a traffic infraction. Similarly to this case, when Plaintiff exited his vehicle, he was shot by the officers with a taser. The case went to trial and resulted in a defense verdict. Plaintiff recovered nothing.

15) *Hernandez v. City of Rialto*; Case Number: 22-cv-01807-SSS-SP. This case involved a Fourth Amendment excessive force claim in which Plaintiff was detained for allegedly getting into a physical altercation at a auto mechanic shop. Similarly to this case, Plaintiff was shot by the officers with a taser. Plaintiff was also punched in the head. The case settled for $75,000.

16) Based upon the foregoing comparable cases, I believe that the global settlement of $300,000 and a net recovery of $73,141.00 to each of the three minor Plaintiffs is fair, reasonable, and consistent with, if not greater than, the average net recovery in similar cases involving comparable claims and injuries.

**TERMS OF THE GLOBAL SETTLEMENT**

17) Defendants have agreed to settle this matter for $300,000, inclusive of all plaintiffs' damages, costs and attorney fees, in exchange for a dismissal with prejudice.

18) I believe that the $300,000.00 global settlement for the 3 minors is reasonable.

19) Based on the foregoing, plaintiffs pray that an order issue out of this

**DECLARTION OF GREGORY PEACOCK IN SUPPORT OF SECOND STIPULATION FOR APPROVAL OF COMPROMISE MINOR'S CLAIMS**

5

Honorable Court, approving the application for the compromise of the minor plaintiffs' claims in this action.

20) There are no claims in this action for wrongful death.

21) No proceeds of the compromise will be placed in a trust.

22) There are no unresolved disputes concerning liens to be satisfied from the proceeds of the compromise.

23) I did not become concerned with this matter at the instance of any party against whom the claims of the minor plaintiffs are asserted.

24) I am employed by all plaintiffs, but not employed by defendants or any insurance carrier involved in the matter.

25) I have not received any compensation for services in connection herewith from any person.

26) All defendants that have appeared in this action are participating in the compromise.

27) My co-counsel and I expect to receive a fee for our efforts in representing the plaintiffs in this matter. Although my co-counsel and I have a contract with the plaintiffs to receive 40% of the gross settlement funds, my co-counsel and I are only seeking a 25% fee from the minor plaintiffs.

28) My co-counsel and I advanced litigation costs of $5,579.21. My co-counsel and I paid a $405.00 filing fee; $399.80 for service of the summons and complaint; $1,662.50 for expert witness fees; $2,700 for mediation fees; $395 for private investigator fees; and $16.91 in postage and copying costs. My co-counsel and I seek to recover $5,577 costs evenly amongst the clients at $1,859 from each plaintiff.

29) The breakdown on the total global case settlement is as follows:

    a. **Total Settlement Amount: $300,000.00**

**DECLARTION OF GREGORY PEACOCK IN SUPPORT OF SECOND STIPULATION FOR APPROVAL OF COMPROMISE MINOR'S CLAIMS**

6

| | | |
|---|---|---:|
| i. | Settlement amount to J.J.B. II: | $100,000.00 |
| ii. | Settlement amount to J.J.B. III: | $100,000.00 |
| iii. | Settlement amount to J.M.B.: | $100,000.00 |

**b. Attorney Fees: $25,333.30**

| | | |
|---|---|---:|
| i. | Attorney Fees from J.J.B. II. (25%): | $25,000.00 |
| ii. | Attorney Fees from J.J.B. III. (25%): | $25,000.00 |
| iii. | Attorney Fees from J.M.B. (25%): | $25,000.00 |

**c. Litigation Costs: $5,577**

| | | |
|---|---|---:|
| i. | Filing Fee: | $405.00 |
| ii. | Service of Summons and Complaint: | $399.80 |
| iii. | Expert Witness Fee: | $1,662.50 |
| iv. | Mediation Fee: | $2,700.00 |
| v. | Private Investigator Fee: | $395.00 |
| vi. | Postage and Copying Costs: | $16.91 |

**d. Net Recovery to Minor Plaintiffs[1]:**

| | | |
|---|---|---:|
| i. | J.J.B. II: | **$73,141.00** |
| ii. | J.J.B. III: | **$73,141.00** |
| iii. | J.M.B.: | **$73,141.00** |

30) Petitioner Jessica Garcia has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to plaintiffs' claims, the parties responsible for the incident, and the nature, extent and seriousness of the minor plaintiffs' claims.

26) The undersigned requests that the net settlement proceeds for minors J.J.B. II, J.J.B. III and J.M.B. be placed in an interest bearing, blocked bank account, until plaintiffs J.J. B. II., J.J.B. III and J.M.B. reach the age of 18 years of age.

---

[1] Settlement amount minus attorney fees and costs.

**DECLARTION OF GREGORY PEACOCK IN SUPPORT OF SECOND STIPULATION FOR APPROVAL OF COMPROMISE MINOR'S CLAIMS**

I declare under the penalty of perjury under the laws of the United States of America, that the above and foregoing is true and correct.

Dated: Mary 13, 2026            **LAW OFFICE OF GREGORY PEACOCK**

By: ___/S/ *Gregory Peacock*___
       Gregory Peacock, Esq.

**DECLARTION OF GREGORY PEACOCK IN SUPPORT OF SECOND STIPULATION FOR APPROVAL OF COMPROMISE MINOR'S CLAIMS**